**BUTE et al. v. STUDE et al.    (No. 1107.)**

(Court of Civil Appeals of Texas.    Beaumont.
July 9, 1924.    Rehearing Denied
Oct. 15, 1924.)

1. **Courts 104—Evidence sustaining judgment not discussed, especially where opinion would be extended to unreasonable length.**

Where issue on which judgment must rest is one of fact, evidence, if reasonably sufficient to sustain judgment, will not be discussed, especially where opinion would be extended to unreasonable length.

2. **Appeal and error 1010(1)—Judgment in boundary case, based on court's finding of fact, not disturbed.**

Where trial judge, sitting without jury, found as fact that lot contained more than number of acres shown by field notes, without doing violence to cardinal rules of evidence for construction of surveys, judgment based on such finding will not be disturbed.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by Louise B. Stude against John Bute and others. From the judgment rendered, certain defendants appeal. Affirmed.

R. W. Houk and Ingham S. Roberts, both of Houston, for appellants.

J. W. Lockett, Baker, Botts, Parker & Garwood, W. F. Tarver, Cole, Cole, O'Connor & Jones, and Andrews, Streetman, Logue & Mobley, all of Houston, for appellees.

HIGHTOWER, C. J. This is an action of trespass to try title, brought by Louise B. Stude, as sole plaintiff, against John Bute, Ingham S. Roberts, Mrs. Effie Koch, Julius Koch, Mrs. Leila Pope, Miss Virginia Caldwell, and a number of other defendants, in one of the district courts of Harris county, and from the judgment rendered the named defendants have appealed.

The quantity of land involved is approximately 10.2 acres, and the main and controlling question in the case is one of boundary. All of the defendants answered, and some of them filed a cross-action. The land involved is a part of the Obedience Smith survey, in Harris county, and is a portion of a subdivision of that survey known and designated as "great lot No. 3."

The Obedience Smith league was surveyed and located in 1838, and was patented to Obedience Smith in 1843. The subdivision which includes great lot No. 3 was had under orders of the district court of Harris county in 1860, and the whole league was then subdivided and partitioned between the then owners. The work of subdividing the league was done by William Powers, who was at that time county surveyor, and according to his report, field notes, plats, etc., of great lot No. 3, if the field notes for course and distance are to control, that lot contains only 100 acres of land. But it was the contention of Mrs. Stude, the plaintiff, that great lot No. 3, as actually surveyed on the ground by Powers, contained 110.2 acres, an excess over the quantity called for of 10.2 acres. If this contention of the plaintiff has reasonable support in the evidence adduced upon the trial, the judgment of the trial court must be affirmed as to all of the appellants.

[1] The evidence bearing on the contention, as we have stated it, is very voluminous, and, were we to undertake to discuss it, we would be compelled to extend this opinion to an unreasonable length, and we therefore decline the attempt. If we were reversing the trial court's judgment, however, we would feel it our duty to point out our reasons for doing so, notwithstanding the length to which we would have to go in discussing the evidence. But where, as here, the issue upon which the judgment must rest is one of fact, and it is concluded that there was evidence reasonably sufficient to sustain the judgment, no useful purpose could be served by a discussion of the evidence with a view to showing that the trial court's judgment has sufficient support and should be affirmed, and especially is this so where such discussion must carry the opinion to an unreasonable length.

[2] In this case the trial judge, sitting without a jury, has found as a fact that there is an excess of 10.2 acres of land in great lot No. 3, over the quantity given it by its field notes, according to course and distance, and in reaching that finding it does not appear that the trial court has done violence to the cardinal rules of evidence for the construction of surveys, and therefore, this court would not be authorized to disturb the judgment.

The trial court filed findings of fact upon which the judgment is based, and these are very lengthy, so much so that we decline to incorporate them in this opinion. Suffice it to say that we adopt as our own all material fact findings made by the trial court, as well as his conclusions of law based on them, and affirm the judgment.

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes