## TEXAS COTTON CO-OPERATIVE ASS'N v. ANDERSON.

### No. 1199.

Court of Civil Appeals of Texas. Eastland.
Dec. 22, 1933.

Rehearing Denied Jan. 19, 1934.

Stinson, Hair, Brooks & Duke, of Abilene, and C. K. Bullard, of Dallas, for appellant.

Scarborough & Ely, of Abilene, for appellee.

HICKMAN, Chief Justice.

The appeal is from a judgment in favor of appellee for $1,198, for balance found to be due him on salary as a cotton classer under his contract of employment with appellant. The contract was in writing, and was dated July 1, 1931. The only provisions thereof with which we are concerned are contained in paragraphs 10 and 11, reading as follows:

"10. This contract shall terminate 6–30–32.

"11. Either of the parties hereto may terminate this contract by giving thirty (30) days written notice, and in the event of any such termination, Party of the Second Part shall, receive only such compensation as may be due him for services rendered to date of termination, in accordance with the rate of compensation as set forth in this contract."

The facts are undisputed. More than 30 days prior to December 31, 1931, appellant gave appellee notice in writing that the contract would terminate on that date, and the only question is whether, under the contract, appellant had the right to terminate same prior to June 30, 1932. The judgment was for the salary which appellee would have earned between December 31, 1931, and June 30, 1932.

Appellee relies on the well-established rule of construction that, when some of the provisions of a contract are printed, and some written, and there is a conflict between the printed and written provisions, the former must yield. In order to bring this rule into application, it is essential that a conflict exist between the printed and written provisions. The only portion of the above-quoted paragraphs of this contract which might be classed as written consists of the figures "6–30–32," made with typewriter in a blank space in a form contract. We shall assume, as the parties do, that the effect of having these figures inserted in the blank space in paragraph 10 is to constitute that paragraph the written portion of the contract. There were no blanks in paragraph 11, and it will be considered as the printed portion. This question then is presented: Are the provisions of these two paragraphs in irreconcilable conflict? We think not. It is usual in contracts generally, and more particularly in contracts of employment, to stipulate the period of time during which the contractual relations between the parties shall exist. The effect of such provision is that such relations cease to exist at the end of the period there named, unless sooner terminated by one or both of the parties under some other provision of the contract. Paragraph 10 fixes the end of the contract when same is terminated by the passing of time; paragraph 11 provides a method for its termination by the act of one or the other of the parties.

"A contract may provide that it shall come to an end at the option of one or either of the parties, and such a stipulation when fairly entered into will be enforced if not contrary to equity and good conscience." 13 C. J. p. 606, § 631.

The same principle is announced and many Texas cases cited in support thereof in 10 Tex. Jur. pp. 168–170, § 98.

Appellee cites one case, American National Insurance Co. v. Van Dusen (Tex. Civ. App.) 185 S. W. 634, 637. That case, we think, is clearly distinguishable from the instant one. The contract there construed contained a provision giving the employee the right to' continue in his employment five years, provided he made certain stipulated increases in the business and collections of his employer. In consideration of his services in effecting these increases, he was granted the right to continue the contract in effect. That right was his reward for faithfulness and efficiency. It constituted a part of the compensation to be paid him for services rendered. The following language from the majority opinion in that case .clearly reflects the ground upon which the conflict was found to exist: "But the clause giving defendant the right to discharge plaintiff at its pleasure without cause entirely destroys all of the benefits which inured to plaintiff under the five years' provision. If plaintiff accepted employment terminable at the will of the employer, why insert a clause giving him the right to remain in the employment on certain named conditions? Such clause would give him no protection and would be entirely useless."

The contract in that case contained the stipulation that the employee could resign at any time by giving his employer seven days' notice, and the opinion expressly stated that there was no conflict between that stipulation and the one providing that the contract should terminate five years from date. We do not regard the decision in that case as supporting authority for the judgment of the court below.

The case has been fully developed. There are no fact issues, and since, in our opinion, there exists no conflict between the provisions of the contract above quoted, it follows that the judgment of the trial court should be reversed and judgment here rendered in appellant's favor. It is so ordered.