**NHA, INC., Appellant,**

v.

**Paskel A. JONES et al., Appellees.**

No. 17431.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 12, 1973.

Rehearing Denied Nov. 16, 1973.

Akin, Gump, Strauss, Hauer & Feld, and Michael Lowenberg, Dallas, for appellant.

Law Offices of George Busch, Inc., and Laurance L. Priddy, Fort Worth, for seventeen (17) appellees.

Prager & Vogel, and Andrew L. Vogel, Fort Worth, for appellees, Paskel A. Jones and Johnnie L. Strange.

Charles L. Foster, Jr., Everman, for appellee, David Severin.

## OPINION

BREWSTER, Justice.

This case involves twenty separate and distinct lawsuits that were tried together.

The suits were brought by twenty former employees against their former employer, NHA, Inc., for damages for the alleged breach by the employer of employment contracts that the employer had separately entered into with each of the employees. Shortly prior to the time these contracts were entered into NHA, Inc. had been awarded a contract by the United States Army in which NHA, Inc. agreed to maintain and repair the Army's helicopters that were engaged in military operations in Southeast Asia. The work of NHA, Inc. for the Army under this contract was to begin January 1, 1971, and was to continue for a six month period. The plaintiffs were employed by NHA, Inc. to perform work that it was to do under this Army contract.

Each of the plaintiffs arrived in Vietnam in either December, 1970, or early January, 1971, and the employment of each of them was brought to an end between four and six weeks after their arrival in Vietnam.

The employees contended that each had a contract for a year's employment. Most contended that they each terminated employment in less than a year because of material breaches of the employment contracts by NHA, Inc. Several of the employees were fired by NHA, Inc.

The trial was non-jury and it resulted in judgments for each of the plaintiffs. The total of the judgments obtained by the twenty plaintiffs against NHA, Inc. was around $142,824.31 and this appeal is by NHA, Inc. from that decree.

Nineteen of the employees are actually intervenors in this case, but since they are in fact plaintiffs, we will call them plaintiffs throughout this opinion.

The trial court held that each of the plaintiffs, as one element of damage for breach of the contracts, was entitled to recover the difference between the pay that each plaintiff would have earned during the year covered by his employment con-

tract, had he worked for the entire year, and the amount of money that he actually did earn during that contract period through the exercise of reasonable diligence.

In other words, the trial court allowed each of the plaintiffs to recover as damages future wages that had not yet been earned at the time their employments were terminated. This item of damage constituted the major part of the recovery that was awarded to each plaintiff.

Each of the plaintiffs signed a written employment contract with NHA, Inc. on a printed form that was furnished by NHA, Inc. The provisions of the twenty contracts were identical except for the dates they were entered into, the job classification, and the provisions as to the wage scale to be paid the employees.

Each of the employment contracts contained the following provision:

"1.  Term of Agreement

"The term of this agreement shall be for the period of one (1) year beginning with the date of Employee's departure from the Continental United States (CONUS—original forty-eight states and the District of Columbia), or the date of Employee's signature on this contract, whichever date is latter; or such lesser periods as shall be determined by NHA, Inc."

In NHA, Inc.'s Point of Error No. 1 and the argument under it, it contends that the trial court erroneously held it to be liable to each of the plaintiffs for damages based on lost or future wages, because that element of damage was not recoverable under the facts of this case for the reason that the contracts involved were for indefinite terms and were therefore terminable at the will of either party. NHA, Inc. contends that where the employment contract is for an indefinite term and is terminable at the will of either party that a recovery for loss of future wages can not be had.

■ We sustain NHA, Inc.'s first point of error.

Referring to employment contracts the Supreme Court held in its opinion in East Line & R. R. R. Co. v. Scott, 72 Tex. 70, 10 S.W. 99 (1888), at page 102 the following: " . . . when the term of service is left to the discretion of either party, or the term left indefinite, or determinable by either party, that either may put an end to it at will, and so without cause. . . . When such a state of agreement exists, it is no breach of contract to refuse to receive further services, . . . . "

■ It appears to be settled that this pronouncement is the law in Texas. See May v. Lee, 28 S.W.2d 202 (Galveston Civ.App., 1930, no writ hist.) and Ingram Freezers v. Atchison, T. & S. F. Ry. Co., 464 S.W.2d 915 (Dallas Civ.App., 1971, ref., n. r. e.) (in which opinion many other cases so holding are cited). An employment contract providing for an indefinite term of service is not invalid for that reason, but can be terminated at will by either party. See Brekken v. Reader's Digest Special Products, Inc., 353 F.2d 505 (7th Cir., 1965) and the Ingram Freezers case, supra.

It is also settled that where an employment contract contains provisions such as the ones above quoted that there is no conflict between the provision that the term of the agreement shall be for one year and the provision that NHA, Inc. may determine that its term shall be for a lesser period than one year. The courts hold that the latter provision merely limits the former provision. See Texas Cotton Co-Operative Ass'n v. Anderson, 67 S.W.2d 406 (Eastland Civ.App., 1933, no writ hist.); and F. W. Woolworth Co. v. Petersen, 78 F.2d 47 (10th Cir., 1935).

The clause in question is not ambiguous. It simply provides in substance that the term of the agreement shall be for a period of one year from a designated date or such lesser periods as shall be determined by

NHA, Inc. The meaning of such language is clear.

■ The trial court erred in permitting plaintiffs to offer extrinsic evidence tending to prove that the various plaintiffs and the defendant intended the terms of the contracts of employment to be something other than that which is so clearly provided for in the contracts involved. Such evidence tended to vary and contradict the written provisions of the contracts stating the term of the agreements and was therefore admitted into evidence in violation of the parol evidence rule.

The effect of the language used in each of these employment contracts in the clause fixing the term of the agreement is to render each of such employment contracts for an indefinite term and therefore terminable at the will of either party for any reason that such party saw fit.

The settled law is that where an employee sues his employer for damages for the breach by the employer of an employment contract that is for an indefinite term of service, as are each of the contracts involved here, the loss of wages that would have been earned in the indefinite future is not a recoverable item of damages. This is so because such a contract can be legally terminated at will by either party.

We therefore hold that the trial court erred in awarding to each of the plaintiffs a recovery for the loss of wages that had not yet accrued at the time his contract was terminated.

The contention made by defendant in its second point of error and the argument and authorities under it is that the court erred in admitting parol evidence of prior and contemporaneous oral agreements that modified and added to the written employment contracts, and in making findings of fact and conclusions of law, based on such evidence, to the effect that each of the employment contracts were partly written and partly oral. Defendant assigns as error each such fact finding and each conclusion

of law ruling that parol evidence was admissible and that each of the contracts was partly oral.

For each plaintiff the trial court made findings that the oral parts of each of the employment contracts were substantially as follows:

"In addition to the written provisions of the contracts between (employee's name) and NHA, Inc., NHA, Inc. also contracted orally with (employee) as follows:

"a) To furnish him with quarters equivalent to those of a GS9, a Senior Non-Commissioned Officer, a Warrant Officer, or a Commissioned Officer.

"b) To have available for him in Vietnam food of reasonable quality and quantity.

"c) To pay him at the following intervals: Every two weeks, beginning December 16, 1970.

"d) To pay all his travel expenses to and from Vietnam.

"e) To start his pay from the time he left his home in the Continental United States to go to Vietnam.

"f) To provide insurance for the protection of his family in addition to Government required workmen's compensation insurance under the Defense Base Workers Act."

The parol evidence complained of was offered to establish these claimed oral parts of the various employment contracts.

■ The parol or extrinsic evidence rule is stated as follows: "As a general rule, in the absence of fraud, accident, or mistake, extrinsic evidence is inadmissible to vary, add to, or contradict the terms of a valid written instrument that on its face is complete and unambiguous." 23 Tex. Jur.2d 500, Evidence, Sec. 342, and cases there cited. Parol evidence is not admissible to vary or contradict either the express or the implied terms of a written contract.

Hubacek v. Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30 (1958).

■ This parol evidence rule is not a rule of evidence, but is a rule of substantive law. Hubacek v. Ennis State Bank, supra.

"Consequently, evidence admitted in violation of the rule is incompetent and without probative force, even though it is admitted without objection; it cannot support . . . findings of fact by the trial court." 23 Tex.Jur.2d 504, Evidence, Sec. 343.

The part of this question that is here before us that is easiest to decide is the part having to do with whether the defendant orally agreed to pay each of the plaintiffs every two weeks.

The undisputed facts as to each of the contracts are that each contract provides the rate of pay that each employee was to receive from NHA, Inc. for his work, but each such contract was silent as to when the employee's earnings were to be paid to him.

■ When a contract is silent as to the time of its performance, the law implies an agreement that it will be performed in a reasonable time. See Jefferson Cotton Oil & F. Co. v. Pridgen & Congleton, 172 S. W. 739 (Texarkana Civ.App., 1914, error ref.). And the Supreme Court has held that "What is implied in a contract is as much one of its terms as though expressly set forth therein." Hall v. Hall, 158 Tex. 95, 308 S.W.2d 12 (1957).

■ Since this is true, and since the law implied an agreement in connection with each of the employment contracts to the effect that the employer would pay each of the plaintiffs his salary within a reasonable time after it was earned, the evidence permitted by the trial court to the effect that NHA, Inc. had agreed to pay each of the plaintiffs every two weeks was not admissible. Such evidence was in violation

of the parol evidence rule for it contradicted the implied agreement of the parties to the effect that such earned salaries would be paid within a reasonable time.

A case very closely in point that supports this holding is Jefferson Cotton Oil & F. Co. v. Pridgen & Congleton, supra. And see 13 Tex.Jur.2d 531, Contracts, Sec. 290, where the principle involved is stated as follows: " . . . where a written agreement is silent as to the time for performance, the presumption that it is to be performed within a reasonable time may not be overcome by showing a contemporaneous oral agreement allegedly fixing a time for performance." See Self v. King, 28 Tex. 552 (1866).

For the reasons stated above the trial court's findings of fact to the effect that an oral part of the agreement between the parties was that the employees' salaries would be paid every two weeks are set aside. Such findings and the court's conclusions of law based thereon are of no effect in determining the judgment that should be rendered in the case.

However, as to each of the plaintiffs, the trial court made the additional finding that NHA, Inc. failed to pay such plaintiff after his arrival in Vietnam and at reasonable intervals thereafter.

So, as to each plaintiff, there existed an implied contract on NHA, Inc.'s part that it would pay his salary at reasonable intervals and a finding by the trial court that NHA, Inc. breached such agreement.

The decision as to whether the trial court erred in admitting evidence to establish the remaining oral parts of the contract between the parties, as was found by the trial court as shown above, is more difficult.

■ We hold that the trial court did not err in this respect.

One of the leading cases on the question is Hubacek v. Ennis State Bank, 159 Tex.

166, 317 S.W.2d 30 (1958). At page 33 of the opinion appears the following:

"The rule with respect to proof and enforcement of collateral agreements is thus stated in the Restatement of the Law of Contracts, Vol. 1, § 240:

" '(1) An oral agreement is not superseded or invalidated by a subsequent or contemporaneous integration, nor a written agreement by a subsequent integration relating to the same subject-matter, if the agreement is not inconsistent with the integrated contract, and

" '(a) is made for separate consideration, or

" '(b) is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract.' "

The matters covered by the remaining oral parts of the agreements, as found by the trial court, do not conflict with the written part of the contract. In fact they were not dealt with at all in the written part of the contract.

And we hold that under the evidence in this case a fact issue was presented for the trial court's determination on the question of whether or not each of these collateral agreements is "such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract.

There was evidence that favored both sides to be considered by the trial court in deciding this issue. We will make no effort to set out such evidence, for to do so would greatly lengthen the opinion.

■ The trial court found in favor of each of the plaintiffs on that question and we hold that there was sufficient admissible evidence before the court to support such findings.

■ The oral and written parts of the contract, as found by the court, were made

for the same consideration, but this does not matter, in view of the fact that the trial court found the two other determining factors, as required by the Hubacek case, supra, to be present.

We sustain NHA, Inc.'s second point of error in so far as it relates to the oral contract, as found by the court, to pay the plaintiffs every two weeks, and we overrule such point in so far as it relates to matters pertaining to the remaining oral parts of the contract as found by the trial court and shown above.

In its third point of error NHA, Inc. contends that there was no evidence to support the trial court's findings and conclusions that NHA, Inc. failed to pay each appellee reasonably soon after his arrival in Vietnam and at reasonable intervals thereafter. The fourth point of error is to the effect that the trial court's findings on such issues are so against the great weight and preponderance of the evidence as to be clearly wrong.

We overrule both of those points in so far as they relate to the findings and conclusions made in favor of each of the following named plaintiffs: Robert E. Casey, Carroll Smith, Thomas Harris, Richard Toy, J. W. Caldwell, Leonard O'Shannon, Leon Waggoner, Gene Fuller, James Overlin, Jerry Wenzel, Kenneth Duncan, Michael Biggers, O. L. Atkinson, George Tockey, Joe Hayslip, A. L. Lyons, Harold Meadows, Johnnie L. Strange and Paskel A. Jones. The only other plaintiff is David Severin.

The law applicable in determining the points under consideration is stated in Houston County v. Leo L. Landauer & Associates, Inc., 424 S.W.2d 458 (Tyler Civ. App., 1968, ref., n. r. e.) as follows:

"In the contract here under consideration, no time was fixed therein for performance. It is the settled law of this state that where the contract does not fix a time for performance, the law allows reasonable time for its performance. Tex-

as Farm Bureau Cotton Ass'n. v. Stovall, 113 Tex. 273, 253 S.W. 1101, 1106, (1923); Cheek v. Metzer, 116 Tex. 356, 291 S.W. 860, 863 (1927, judg. adopt.). A reasonable time has been defined to be such time as is necessary, conveniently, to do what the contract requires to be done, and as soon as circumstances will permit. Reasonable time depends on the circumstances in each case, including the nature and character of the thing to be done and the difficulties surrounding and attending its accomplishment and is generally for the jury." To the same effect see Ridglea Interests, Inc. v. General Lumber Company, 343 S.W.2d 490 (Fort Worth Civ.App., 1961, ref., n. r. e.).

The evidence on the points being discussed is different in so far as it relates to each of the plaintiffs.

■ We are here holding that the trial court's findings as to each of the plaintiffs named to the effect that the defendant, NHA, Inc., failed to pay each of such plaintiffs reasonably soon after his arrival in Vietnam and at reasonable intervals thereafter are not so against the great weight and preponderance of the evidence as to be clearly wrong. There was sufficient evidence to support those findings and conclusions.

■ To set out the evidence pro and con on this issue as it relates to each of the plaintiffs would lengthen this opinion by many pages, so we will not do that. When upholding the trial court's ruling on sufficiency of the evidence points a Court of Civil Appeals is not required to set out the evidence pro and con on the issue. See Bute v. Stude, 264 S.W. 1037 (Beaumont Civ.App., 1924, writ dism.).

These third and fourth points of error do not relate to the plaintiff, David O. Severin, because there were no such findings and conclusions made as to him.

In NHA, Inc.'s fifth and sixth points of error it contends that time of payment of plaintiffs' salaries under the employment contracts involved here was not of the essence of such contracts, and that the trial court's findings and conclusions that the failure of NHA, Inc. to make timely payment of such salaries constituted material breaches of the contracts were not supported by any evidence and, in the alternative, these findings and conclusions were so against the great weight and preponderance of the evidence as to be plainly wrong.

We overrule both of these points.

The contracts involved required each of the plaintiffs to perform services around 9,000 miles from home, in a war zone in and near Vietnam. Their dependent wives, children and, in some instances, elderly parents could not accompany them. Many of the dependents were left with mortgage and rent payments to make out of these allotments. The major part of the salaries earned by plaintiffs were to be paid to these dependents in the United States of America. Although a few of the plaintiffs had small savings they and their dependents could fall back on in the event the salary payments were not made when due, many of such dependents had no such savings and were entirely dependent for a livelihood on these salaries. If these salaries that were allotted to such dependents were not forthcoming, it was obvious that severe hardship and inconvenience would be imposed upon such dependents, as well as upon the plaintiffs.

■ We hold that because of the very nature of the subject matter of these contracts this Court will take judicial notice that the time of payment of a workman's salary under an employment contract under circumstances such as those existing here is of the essence. See 13 Tex.Jur.2d 527, Contracts, § 288, note 9; Texas Associates v. Joe Bland Const. Co., 222 S.W.2d 413 (Austin Civ.App., 1949, ref., n. r. e.); Taylor Milling Co. v. American Bag Co., 230 S.W. 782 (Austin Civ.App., 1921, no

writ hist.); and Chandler v. Riley, 210 S. W. 716 (Dallas Civ.App., 1919, no writ hist.).

We also hold that the undisputed evidence in this case shows that the parties intended that time of payment of the salaries would be of the essence of the contracts.

In NHA, Inc.'s brief it states at page 65 the following: "The main purpose of these employment contracts was to provide NHA with personal services *in return for the payment of the stated compensation.*" (Emphasis ours.)

██ We are convinced that the undisputed facts of this case show appellant's statement to be correct and that such facts also show that the time of payment of such salaries was of the essence.

██ We also hold that the trial court's findings and conclusions as to each plaintiff to the effect that the untimely payment of salaries to each plaintiff were material breaches of the contracts, were not so against the great weight and preponderance of the evidence as to be plainly wrong and in error. There was sufficient evidence to support such findings.

██ By NHA, Inc.'s points of error seven through eleven, inclusive, it attacks findings of fact and conclusions of law made by the trial court to the effect that NHA, Inc. committed other breaches of the various contracts in addition to not paying these plaintiffs their salaries at reasonable times. NHA, Inc. attacks those findings and conclusions because in order to be successful in keeping the plaintiffs from making any recovery at all they would have to knock out all of the court's findings and conclusions to the effect that NHA, Inc. had breached the employment contracts. Since we have hereinabove held that the trial court's findings and conclusions to the effect that NHA, Inc. breached its implied agreement with each of the plaintiffs to pay their salaries at reasonable intervals are sufficiently supported by the evidence, NHA, Inc.'s points seven through eleven, inclusive, become immaterial. This is true because if we are correct in upholding the trial court in its findings and conclusions that NHA, Inc. breached the agreement to pay the salaries at reasonable times, then it matters not whether it breached such contracts in other respects complained of. The same legal result flows from the one breach as would flow from a breach by NHA, Inc. of such contracts in all the respects found by the trial court.

Since this is true the matters complained of in NHA, Inc.'s points seven through eleven, inclusive, have become immaterial and we will lengthen this opinion by a discussion of them.

NHA, Inc.'s twelfth point of error is that it was error to allow David Severin to recover damages because (a) the claimed oral part of the contract permitting him to wear his hair and sideburns as long as he saw fit was in violation of the parol evidence rule; (b) there is no finding and no evidence to support a finding that NHA, Inc. made a bad faith determination of the existence of cause for Severin's termination; and (c) there was no evidence to support a finding that Severin lost a tax refund because of the termination.

The trial court found that the contract between Severin and NHA, Inc. was partly written and partly oral and that the oral part of their agreement was that NHA, Inc. had no haircut or beard policies and that employees could wear their hair, beards and mustaches as they so desired.

The written part of the agreement, contained the following provisions, among others:

"5. Discharge for Cause or Voluntary Termination

"In the event of a discharge for cause during the overseas assignment or in the event the undersigned voluntarily terminates his employment during the overseas

assignment, remuneration shall cease as of the date of such discharge or termination; also, the employee shall be responsible to reimburse NHA, Inc. for all transportation costs. NHA, Inc. shall be the sole judge as to the interpretation of 'Discharge for cause.' Should the costs incident to such return be initially borne by NHA, Inc. and/or the United States Government, the Employee does hereby guarantee reimbursement of such costs and further does hereby authorize NHA, Inc. to withhold any and all sums then due the undersigned to be applied toward reimbursement of such costs. . . .

"9. Conduct

"The undersigned shall be subject to the published standard operating procedures and any other rules and regulations of NHA, Inc. and laws and regulations of the United States of America, in particular the Department of Defense thereof, . . . ."

The written part of the agreement provided further that the term of the agreement was to be for the six months following January 1, 1971, or for such lesser period as shall be determined by NHA, Inc.

On February 5, 1971, NHA, Inc. delivered a written reprimand to Severin which stated the following:

"On 2 Feb. 1971, memo 71–31 was received at this site from Mr. James C. Haggard IV Corps Battalion Supr. At that time you were informed of the contents concerning personal appearance, item 1, para. B and C. You were then asked to trim your sideburns and cut your hair to comply with company policy for RVN. At that time you refused and as of this date you have continued your refusal to comply.

"You are hereby reprimanded for your refusal to comply with company policy, and placed on personal-time at 1800 hrs. on this date. You will remain in this status until you conform to the standards set forth in memo 71–31. Should you continue on personal-time for three (3) days, you will be terminated."

After receiving the reprimand Severin refused to trim his sideburns and to cut his hair to comply with the Military Assistance Command Regulations.

The trial court found that NHA, Inc. breached its contract with Severin and that this entitled him to recover damages including lost wages, travel costs, and to recover $2,158.10 additional tax refund he allegedly would have received from the government if he had been permitted to work for the six month term of the employment contract.

The written part of the contract (Section 9 above) obligated Severin to be subject to and to comply with "rules and regulations of NHA, Inc. and laws and regulations of the United States of America, in particular the Department of Defense thereof, . . . ."

Of necessity these rules and regulations would be amended from time to time. They would include regulations regarding personal appearance and conduct.

Severin testified that prior to signing the written agreement he asked about NHA, Inc.'s haircut policy and was told that as long as he did his job he could wear a beard or mustache if he wished. He was told there was no personal appearance code. Later he signed the written contract.

We hold that the written part of the agreement conflicted with the oral part of the agreement and was in violation of the parol evidence rule. The evidence offered to establish the parol part of the agreement was therefore not admissible and has no probative force.

In addition to what we have said, the contract between the parties (paragraph 5 shown above) gave the employer the right to discharge Severin for cause and further provided "NHA, Inc. shall be the sole judge as to the interpretation of 'Discharge for cause.' "

In the case of Kree Institute of Electrolysis, Inc. v. Fageros, 478 S.W.2d 569

(Waco Civ.App., 1972, no writ hist.) the court held that a contractual provision in an employment contract giving the employer the right, at his option, to terminate the contract for cause is valid and enforceable. In such cases that court held that the only attack the employee could make on the employer's determination that cause for termination existed was that the employer did not honestly and in good faith believe there was cause for terminating the contract.

The trial court here did not find in so many words that NHA, Inc. did not in good faith determine that cause existed for ending the contract, but did find that Severin's discharge was wrongful, unreasonable, arbitrary and fraudulent.

■ We hold that there is no evidence in the record to support a finding that NHA, Inc. made a bad faith determination of cause for Severin's termination.

The evidence in the record on this issue was that Severin was told before signing a contract by the hiring employee of NHA, Inc. that NHA, Inc. had no personal appearance code and that as long as he did his job he could wear a mustache or beard if he wished. His job was helicopter technical inspector. After he was assigned to a job his site supervisor told Severin that he was the best technical inspector he had and that he did a good job. He told him this just before this same inspector terminated Severin. At the end of January mention was first made of his hair. He was terminated, when after being given several days to cut his hair and sideburns in order to comply with applicable regulations, he refused to do so. He did not have a mustache or beard. A picture was taken about a month before he was terminated and introduced in evidence. He did not cut his hair during the month that lapsed between the time the picture was taken and termination date.

As one element of damage Severin was awarded a recovery of an item of $2,158.10

which represented a refund he says he would have been entitled to on his income tax if he had not been fired by NHA, Inc. on February 9, 1971, and if he had been permitted to work out the entire six-month term of the contract.

The evidence showed that the United States Government had a regulation by which if a United States citizen was employed in a foreign country for 510 days out of an 18 month period that he would get a rebate of a part of the income taxes that he would otherwise owe the United States Government.

At the time he started working for NHA, Inc. Severin had just completed about 13 months' employment in a foreign country for another employer. His contract with NHA, Inc. called for employment in Vietnam for a term of six months, *or such lesser period as shall be determined by NHA, Inc.* If he could have worked for the additional six months following January 1, 1971, for NHA, Inc. he would have qualified for this tax refund. He was fired on February 9, 1971, by NHA, Inc. for not getting his hair and sideburns trimmed to comply with regulations.

■ We hold that under the facts of this case the trial court erred in awarding Severin a recovery of this tax refund item.

We hereinabove set out in our discussion of point of Error No. 1 the reasons why we hold that the plaintiffs cannot recover as damages in this case the loss of future unearned wages. The same reasons preclude Severin from recovering this tax refund item that precluded the plaintiffs from recovering loss of future unearned wages as an element of damage.

Since Severin's contract was for a term of six months, or such lesser periods as shall be determined by NHA, Inc., it was for an indefinite term, and was a contract that could be legally terminated at the will of either party. In this case NHA, Inc. therefore had the legal right to terminate

the contract when it did for any reason that it saw fit. It did not breach the contract in so terminating it when it did.

Since we have above fully discussed the reasons for denying a recovery of future wages in a case such as this, we will not here set them out again. The same reasons that make loss of future wages a non-recoverable item in this case, make the item under discussion a non-recoverable item. The contract, as worded, did not guarantee Severin six months of employment. NHA, Inc. had the right to end the employment at will.

Under the contracts involved (Paragraph 5) in instances where an employee was terminated by NHA, Inc. for cause or where he voluntarily terminated, then NHA, Inc. was entitled to recover back from him the transportation costs they were out in connection with that employee. If NHA, Inc. terminated the contract for any reason other than for cause, which it had a right to do, then the employee was entitled to have NHA, Inc. pay all of his transportation costs. This is the only reason why we have even mentioned paragraph 5 of the employment contracts above. It only enters into the question of whether or not the various employees are entitled to recover back from NHA, Inc. the transportation costs NHA, Inc. deducted from their pay when they terminated.

The record in this case shows without dispute that NHA, Inc. did not breach the employment contract in the only respect claimed by the plaintiff, Severin. The contract's terms gave NHA, Inc. the right to terminate the contract when it did, so NHA, Inc. did not breach the contract by terminating it.

■ Since NHA, Inc. did not breach the contract as to Severin, it was error to award him any damages whatever, and since there was no evidence tending to show that NHA, Inc. acted in bad faith in discharging Severin, it was error to even allow him to recover the transportation costs that were deducted from Severin's pay when he terminated.

NHA, Inc.'s thirteenth point of error is that it was error to allow Toy to recover any damages at all because (1) Toy's resignation was caused by medical problems and not by a breach of contract by NHA, Inc., and (2) because the court's findings that NHA, Inc. materially breached Toy's contract are not supported by any evidence and, in the alternative, were against the great weight and preponderance of the evidence.

■ We overrule this point. We hold that the evidence was sufficient to present fact issues on these questions. Toy testified directly that the reason he terminated was because of the delay in sending his allotment from his salary to his wife. When he left the United States he had made financial arrangements to take care of his wife for 30 days. She had to pay out of the allotment her rent and the mortgage payments on their car and furniture. When the allotment was not paid she had to go to work to meet the payments.

In NHA, Inc.'s fourteenth point of error it contends that the court erred in failing to find that Duncan and Caldwell failed to reasonably mitigate their damages.

■ We overrule this point. No reversible error could have been committed in this connection because we have held that the loss of future wages that was awarded to these two plaintiffs by the judgment is not a recoverable item of damages in this case. In view of our holding as to the non-recoverability of future wages this mitigation question has become immaterial. This is so because the mitigation question would only relate to this future wages item of damage.

NHA, Inc.'s fifteenth point of error is that the court's findings and conclusions that NHA's failure to pay the plaintiff, Lyons, $47.80 was a material breach of contract is contrary to law and against the

great weight and preponderance of the evidence.

Lyons was ill one day and when he returned to work the next day the employer would not let him work that day either. Under this arrangement NHA, Inc. would deduct from his salary $47.80 for the day he was sick that he did not work and would also deduct from his pay the day's salary of $47.80 for the day that they made him take off without pay. Presented with this situation Lyons quit.

■ We hold that the findings complained of are not against the great weight and preponderance of the evidence under those circumstances.

The various plaintiffs were allowed to recover as lost or future wages the amount hereinafter set out in parenthesis following his name: Paskel A. Jones ($5,517.43); Johnnie L. Strange ($9,259.13); Jerry Wenzel ($3,984.92); Leon Waggoner ($4,531.55); Richard Toy ($3,985.98); George Tockey ($8,333.32); Carroll Smith ($8,097.32); James Overlin ($3,914.98); Leonard O'Shannon ($9,386.17); Harold Meadows ($6,923.60); A. L. Lyons ($3,218.98); Joe Hayslip ($9,831.92); Thomas Harris ($6,798.32); Gene Fuller ($8,630.28); Kenneth Duncan ($9,948.86); Robert Casey ($8,030.49); J. W. Caldwell ($8,933.97); Michael Biggers ($4,365.30); and O. L. Atkinson ($2,675.69).

Under our holding, above set out, the trial court's judgments in favor of each of the above named plaintiffs must have deducted therefrom the amount set out opposite his name in the paragraph next above that was awarded to each such plaintiff for loss of future wages.

The effect of our holding is to reform the judgments rendered by the trial court for each of the twenty plaintiffs, except Severin, by deducting from the award made to each of said plaintiffs the amount he was awarded for loss of future unearned wages, and to affirm the trial court's judgment as to each of said plaintiffs as to the balance of the awards made to them. We will carry this into effect below.

Instead of the amounts awarded to the plaintiffs by the trial court, it is ordered and decreed that each of the named plaintiffs have and recover from the defendant, NHA, Inc., the sum of money that is hereafter set opposite the name of that particular plaintiff: Paskel A. Jones, $569.50; Johnnie L. Strange, $429.00; O. L. Atkinson, $524.00; Michael Biggers, $588.00; J. W. Caldwell, $627.00; Robert Casey, $592.00; Kenneth Duncan, $361.00; Gene Fuller, $565.00; Thomas Harris, $552.00; Joe Hayslip, $183.00; A. L. Lyons, $1,218.00; Harold Meadows, $116.00; Leonard O'Shannon, $476.25; James Overlin, $569.00; Carroll Smith, $555.00; George Tockey, $499.00; Richard Toy, $169.00; Leon Waggoner, $583.00; and Jerry Wenzel, $591.90.

We have held that under the evidence in this case the plaintiff, Severin, was not entitled to recover any of the damages that were awarded to him.

As to the plaintiff, David Severin, the trial court's judgment is reversed and here rendered to the effect that he take nothing by his suit against NHA, Inc.

As to the remaining nineteen plaintiffs the trial court's judgment as it relates to each of them is reformed in the respects indicated above and, as reformed, the trial court's judgment in favor of each of them is affirmed.

Costs herein are taxed one-half to the plaintiffs and one-half to NHA, Inc.; one-twentieth of the costs that are taxed against all the plaintiffs is taxed against each plaintiff.