**John SCRUGGS, Appellant,**

v.

**GEORGE A. HORMEL & COMPANY, et al.,
Appellees.**

**No. 17533.**

Court of Civil Appeals of Texas,
Dallas.

Feb. 5, 1971.

Rehearing Denied March 5, 1971.

Jay S. Fichtner, Berman, Fichtner & Mitchell, Dallas, for appellant.

John H. Marks, Jr., Strasburger, Price, Kelton, Martin & Unis, G. William Baab, Mullinax, Wells, Mauzy & Collins, Dallas, for appellees.

CLAUDE WILLIAMS, Justice.

John Scruggs instituted suit in the district court against George A. Hormel & Company (hereinafter referred to as Hormel) in which he sought damages based upon two causes of action, one for slander and the other for wrongful discharge from employment. United Packinghouse-Food and Allied Workers, AFL–CIO and Local No. 316 of said National Union (herein-

after called Unions) were made party-defendants based upon allegations of breach of duty of fair representation in Scruggs' grievance for wrongful discharge. The trial court granted motion for summary judgment for Unions and also a partial summary judgment for Hormel as to the cause of action based upon wrongful discharge. Trial proceeded before the court and a jury on the cause of action for slander and following jury verdict judgment was rendered that Scruggs take nothing against either Hormel or the Unions.

In this appeal appellant Scruggs makes no attack upon the take nothing judgment in the slander suit. He confines his appeal to that portion of the judgment wherein the trial court sustained motions for summary judgment against him in the action for wrongful discharge. In his Points 1 through 7, inclusive, appellant urges that the trial court committed error in rendering partial summary judgment in favor of Hormel on the wrongful discharge cause of action because the summary judgment evidence presented issues of fact. In his Points 8 through 18, inclusive, appellant charges error in granting the Unions' motion for summary judgment because of alleged demonstration of factual issues as well as questions concerning sufficiency of summary judgment affidavits.

■ The judgment of the trial court recites that the action on the part of the court in sustaining the respective motions of both Hormel and Unions was based upon "consideration of the pleadings, affidavits, depositions and exhibits heretofore filed." The record indicates that the depositions of the witnesses John Scruggs, Eugene Benson, Silas Gillum and Billie Joe Welch were on file at the time the court rendered the judgments. None of these depositions are brought forward in the record before this court. We agree with appellees Hormel and the Unions that it is impossible for us to determine from the incomplete record before us that the judgment was erroneous. With the case in this posture we are required to assume that the omitted portions of the record support the judgment and establish its propriety. Alexander v. Bank of American Nat. Trust & Savings Ass'n, 401 S.W.2d 688 (Tex. Civ.App., Waco 1966, writ ref'd); Childs v. Weis, 440 S.W.2d 104 (Tex.Civ.App., Dallas 1969, no writ); Calame v. Prudential Ins. Co. of America, 423 S.W.2d 940 (Tex.Civ.App., Waco 1968, no writ); Armstrong v. West Texas Rig. Co., 339 S.W.2d 69 (Tex.Civ.App., El Paso 1960, writ ref'd n. r. e.); Shanken v. Lee Wolfman, Inc., 370 S.W.2d 197 (Tex.Civ.App., Houston 1963, writ ref'd n. r. e.); Kellum v. Pacific Nat. Fire Ins. Co., 360 S.W.2d 538 (Tex.Civ.App., Dallas 1962, writ ref'd n. r. e.); Laughlin v. Galveston-Houston Breweries, Inc., 360 S.W.2d 572 (Tex.Civ. App., Beaumont 1962, writ dism'd); McFarland v. Connally, 252 S.W.2d 486 (Tex. Civ.App., Fort Worth 1952, no writ); Reese v. Davitte, 255 S.W.2d 1015 (Tex. Civ.App., Fort Worth 1953, writ dism'd); Rinker v. Ward, 440 S.W.2d 387 (Tex.Civ. App., El Paso 1969, writ ref'd n. r. e.).

■ Even though the judgment must be affirmed based upon the above authorities we have carefully examined the incomplete record presented to us and find no merit in any of appellant's points directed to the judgment in favor of both appellees. The summary judgment evidence before us is conclusive that the contract of employment between Scruggs and Hormel was verbal and for no definite period of time. In the absence of contractual limitations the employer Hormel had the authority to discharge Scruggs at will and with or without cause. 38 Tex.Jur.2d, Master and Servant, § 12; Kelley v. Southern Pacific Co., 429 S.W.2d 583 (Tex.Civ.App., El Paso 1968, no writ); San Antonio Fire Fighters' Local Union No. 84 v. Bell, 223 S.W. 506 (Tex.Civ.App., San Antonio 1920, writ ref'd); and Robertson v. Panhandle & Santa Fe Ry. Co., 77 S.W.2d 1078 (Tex.Civ.App., Austin 1934, writ dism'd w. o. j.).

As to the alleged cause of action against the Unions the incomplete record before us is sufficient to demonstrate that the Unions were entitled to judgment, as a matter of law.

All of appellant's points of error are overruled and the judgment of the trial court is affirmed.

GUITTARD, J., not sitting.