Joseph L. **WATSON**, Appellant,

v.

**ZEP MANUFACTURING COMPANY,** Appellee.

No. 19827.

Court of Civil Appeals of Texas, Dallas.

April 13, 1979.

Rehearing Denied May 9, 1979.

Elizabeth Julian, Michael M. Daniel, Dallas Legal Services Foundation, Dallas, for appellant.

John F. McCarthy, Jr., Charles L. Perry, Seay, Gwinn, Crawford, Mebus & Blakeney, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

Joseph L. Watson sued Zep Manufacturing Company for damages for discharging him from his job with Zep. The trial court rendered summary judgment denying recovery on the ground that Watson was an employee at will. He appeals on two grounds, first, that the summary-judgment proof fails to negate conclusively his allegations that there was an implied agreement not to discharge him without cause, and, second, that the public policy of the state has changed the common-law rule concerning employment at will so that the employer has a legal obligation not to discharge without cause. Neither of these grounds, in our view, provides a sound basis for reversal.

The summary-judgment proof establishes an oral contract of employment at an hourly wage. No period of employment was specified. Watson admits he was free to quit any time he chose. Before he was hired by Zep, he had worked irregularly through a labor pool. He had worked at Zep for five months before his discharge.

To raise an issue of an implied agreement not to discharge him without cause, Watson relies on three circumstances. He says that Zep offered him a "steady job," that he was promised and received a raise in pay after three months, and that when he was discharged, Zep made representations that he was being fired for cause.

■ None of these circumstances, in our opinion, is evidence of an implied agreement. All are consistent with employment terminable at the will of either party. The job was certainly "steady" as compared to his former intermittent employment. The promised raise in pay was evidently conditioned on continued employment, and the statement of reasons for the discharge implied no recognition of an obligation to give reasons, or that the reasons stated should be considered just cause for discharge. The case is not like those in which the employee was induced to leave a steady job with good prospects, or changed his residence in reliance on the new employment. *See Culkin v. Neiman-Marcus Co.,* 354 S.W.2d 397, 400 (Tex.Civ.App.—Fort Worth 1962, no writ); *Dallas Hotel Co. v. Lackey,* 203 S.W.2d 557, 562 (Tex.Civ.App.—Dallas 1947, writ. ref'd n.r.e). Consequently, we hold that the summary-judgment proof establishes that there was no implied agreement not to discharge him without cause.

■ Neither can we agree with Watson's contention that the employment-at-will rule is contrary to the public policy, statutes, and common law of the state. This rule has been stated and applied in many Texas decisions. Examples include *East Line & R. R. R. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99, 102 (1888); *United Services Automobile Ass'n v. Tull,* 571 S.W.2d 551, 553 (Tex.Civ. App.—San Antonio 1978, writ. ref'd n.r.e.); *Cactus Feeders, Inc. v. Wittler,* 509 S.W.2d 934, 937 (Tex.Civ.App.—Amarillo 1974, no writ); *NHA, Inc. v. Jones,* 500 S.W.2d 940, 943 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n. r. e.); *Scruggs v. George A. Hormel & Co.,* 464 S.W.2d 730, 731 (Tex.Civ.App.— Dallas 1971, writ ref'd n. r. e.); *Horn v. Builders Supply Co. of Longview,* 401

S.W.2d 143, 144 (Tex.Civ.App.—Tyler 1966, writ ref'd n. r. e.). The rule is a particular application of the general rule that a contract for an indefinite period of time is terminable at the will of either party. *See Clear Lake City Water Authority v. Clear Lake Utilities Co.,* 549 S.W.2d 385, 390 (Tex. 1977); *Byrd v. Crazy Water Co.,* 140 S.W.2d 334, 336 (Tex.Civ.App.—Dallas 1940, no writ).

Watson bases his argument on considerations of social policy, which, he asserts, are supported by various statutes enacted for the benefit of employees. None of the statutes cited concern the employer's right to discharge without cause. Consequently, we do not see that they have any bearing on the problem.

Watson's principal contention is that job security is so important to workers individually and to economic and social welfare generally that the law should impose a duty on employers to deal fairly with workers in terminating their employment, and, therefore, not to discharge them without cause. Zep replies that the policy considerations run the other way. It argues that the privilege to discharge employees at will is an important aspect of management that cannot be denied without sacrificing efficiency of operations and loss of confidence in worker loyalty. It insists that if employers must be prepared to prove to a jury a "just cause" for every discharge, they will be deterred from pruning their organizations of marginal workers whose attitude is uncooperative and whose productivity is low.

■ We conclude that this conflict of views should be resolved in a different forum. As an intermediate court, our duty is clear. We must follow the law as previously declared and applied in the courts in this state. In our system of constitutional government, the primary agency to declare the policy of the state is the legislature. Although legislative processes may be imperfect, appeals for judicial legislation based on legislative inaction betray a loss of faith in democratic government. In the long run the popular will, as expressed in legislation, may be a more reliable means to social progress than the employment of the adversary process of an already overloaded judicial system as a remedy for every social ill.

If the case were one of first impression, we would have the responsibility as well as the opportunity to consider the social implications of our decision. *See Sims v. Century Kiest Apartments,* 567 S.W.2d 526, 533 (Tex.Civ.App.—Dallas 1978, no writ). When the law is admittedly settled, however, the obligatory course for an intermediate court is judicial self-restraint.

Affirmed.