Sofia H. MAUS, Appellant,

v.

NATIONAL LIVING CENTERS, INC., Appellee.

No. 13459.

Court of Appeals of Texas, Austin.

May 12, 1982.

Rehearing Denied June 2, 1982.

---

Virginia SanMiguel, Roberto G. Soto, Bill Kimble, San Angelo, for appellant.

Ken Greer, Jr., San Angelo, for appellee.

PHILLIPS, Chief Justice.

This is an appeal in a summary judgment case.

Appellant, Sofia Maus, worked as a nurse's aid at the Colonial Nursing Home in San Angelo for thirteen years. She was a dedicated worker who often worked double shifts and took an active interest in the patients. In January 1979, the nursing home was purchased by appellee, National Living Centers. After appellee purchased the home, appellant often complained to her superiors that patients were receiving poor care and being neglected. On one occasion, a patient suffered a stroke and appellee's director of nurses refused to call a doctor. Appellant personally administered CPR and kept the patient alive for several days. The patient later died.

As a result of the appellant's complaints and in retaliation therefore, appellant was fired from her job. There was no employment contract between the parties and they agree appellant was an at-will employee.

Appellant brought suit for her "illegal termination" and the trial court sustained appellee's motion for summary judgment. Appellant duly perfected her appeal to this Court. We affirm the trial court's judgment.

The parties agree, and our research confirms, that this is a case of first impression in Texas. Appellant has a compensable legal claim, if and only if, this jurisdiction will recognize an exception to the traditional employment at-will doctrine for firings inspired by retaliatory motives. This potential legal wrong is referred to as "retaliatory discharge" by the parties to this appeal. Stated differently, should the traditional notion that an employer may fire an at-will employee at any time, for any reason be modified where the motive for the firing violates a substantial, stated public policy? Appellant contends that the Legislature has become concerned that substandard nursing home care be reported by enacting Tex.Rev.Civ.Stat.Ann. art. 4442c § 16 (Supp.1982). The statute requires nursing home owners and employees to report cases of abuse or neglect to the state licensing agency or to local law enforcement officers. Failure to report is a criminal offense, a Class A misdemeanor. The Legislature did not, however, create any cause of action in tort as a remedy for those fired in retaliation for their efforts to report abuse.

This Court must follow decisions of the Texas Supreme Court and leave any changes in the law to that Court. *United States Fidelity & Guaranty Co. v. Borden Metal Products Co.*, 539 S.W.2d 170 (Tex. Civ.App.—Beaumont 1976, writ ref'd n. r. e.). The Supreme Court has not passed upon the question of retaliatory discharge.

Generally speaking, Texas subscribes to the traditional rule that, absent a specific contract term to the contrary, either the employer or the employee may terminate the employment relationship at anytime, for any reason. Almost a century ago, in *Eastline & R. R. R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99 (1888), the Supreme Court wrote:

It is very generally, if not uniformly, held, when the term of service is left to the discretion of either party, or the terms left indefinite, or determinable by either party, that either may put an end to it at-will, and so without cause. 10 S.W. at 102.

The rule has been consistently followed to the present day. *United Services Automobile Association v. Tull*, 571 S.W.2d 551 (Tex.Civ.App.—San Antonio 1978, writ ref'd n. r. e.); *Scruggs v. George A. Hormel & Co.*, 464 S.W.2d 730 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.). The Dallas Court specifically refused to inject a requirement that employers discharge at-will employees only "for cause" less than three

years ago. *Watson v. Zep Manufacturing Co.*, 582 S.W.2d 178 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.).

■ Thus, we stand at the cross-roads of two important public policies. The Legislature, by enacting article 4442c, decided that nursing homes must be policed from within. Contrary to this stated policy stands an employer's common law right to fire an at-will employee for no cause. The question then becomes whether the time has come for the nursing home policy to override the employment at-will doctrine.

As neither the Texas Legislature nor the Texas Supreme Court has established the State's position in this sensitive area, this Court must exercise judicial restraint and refrain from creating this new right of recovery. To do otherwise would be to exceed our proper authority within the legal framework.

In coming to this conclusion we are persuaded by the Amarillo Court's decision when faced with a similar situation. In *Sales Affiliates, Inc. v. McKisson*, 408 S.W.2d 124 (Tex.Civ.App.—Amarillo 1966), *rev'd* 416 S.W.2d 787 (Tex.1967), the Court was asked to extend the strict liability doctrine to include a situation in which a plaintiff was injured through the use of a hair care product. At the time, the Texas Supreme Court had only expressly approved the strict liability doctrine where "food for human consumption" was involved. *Decker & Sons Inc. v. Capps*, 139 Tex. 609, 164 S.W.2d 828 (1942). The Court of Civil Appeals reasoned that it was improper for an intermediate court to extend the doctrine of strict liability on its own. The Supreme Court, after careful consideration of out-of-state authorities, extended the doctrine. 416 S.W.2d at 792. The Court, however, commended the Amarillo Court's restraint. 416 S.W.2d at 791.

As in products cases, other states have been concerned recently with the problem of retaliatory discharge.[1]

1. Our research indicates the Courts of at least ten states have seen fit to unequivocally recognize a cause of action for retaliatory discharge, even in the absence of an express statutory grant by the state legislature. Each jurisdiction mentioned below subscribes to the general rule that an at-will employee may be terminated at any time, for any reason. Two different approaches have evolved, suit for breach of the employment contract and establishment of an independent tort of retaliatory discharge. The ten states are:

CALIFORNIA: *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980) (Discharge for refusal to participate in illegal gasoline price fixing scheme held actionable in tort.)

Also: *Petermann v. International Brotherhood of Teamsters*, 174 Cal.App.2d 184, 344 P.2d 25 (Cal.App.1959) (Retaliatory discharge for refusal to commit perjury held "obnoxious to the interests of the state and contrary to public policy." 344 P.2d at 27.)

California also holds that every contract, even employment at-will relationships, contains an implicit duty to deal in good faith. *Pugh v. See's Candies*, 116 Cal.App.3d 311, 171 Cal. Rptr. 917 (1981)

CONNECTICUT: *Sheets v. Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 427 A.2d 385 (1980) (Employee was discharged in retaliation for his insistence that his employer comply with requirements of Connecticut Food, Drug, and Cosmetics Act. *Held*, a cause of action in tort was stated.)

ILLINOIS: *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978) (Employee had a civil tort cause of action against employer for an alleged wrongful discharge in retaliation for employee's filing a worker's compensation claim.) *See also Palmateer v. International Harvester*, 85 Ill.2d 124, 52 Ill. Dec. 13, 421 N.E.2d 876 (1981).

INDIANA: *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973) (Discharge for filing workmen's compensation claim held actionable as violative of public policy.)

MASSACHUSETTS: *Fortune v. National Cash Register Co.*, 373 Mass. 96, 364 N.E.2d 1251 (1977) (Good faith and fair dealing required in employment at-will relationships. Termination to avoid payment of commissions held violative of the good faith standard.) Massachusetts also recognizes the tort of wrongful discharge. *Agis v. Howard Johnson's Co.*, 371 Mass. 140, 355 N.E.2d 315 (1976).

MICHIGAN: *Sventko v. Kroger*, 69 Mich.App. 644, 245 N.W.2d 151 (1976) (firing in retaliation for workmen's compensation claim held to contravene public policy.)

NEW HAMPSHIRE: *Monge v. Beebe Rubber Co.*, 114 N.H. 130, 316 A.2d 549 (1974) (Married, female employee's termination for refusing to date her supervisor held a breach of her at-will employment contract. "We hold that a termination by the employer of a contract of employment at will which is motivated by bad faith or malice or based on retaliation is

However, given the current status of the law in Texas,[2] and the traditional relationship between the appellate courts here, we are not in the position to recognize a new cause of action for retaliatory discharge. Consequently, the judgment of the trial court is affirmed.

SHANNON, Justice, concurring.

I concur in the judgment of affirmance.

For nearly one hundred years, the rule in Texas has been that when the term of employment is left to the discretion of either party, or the term is indefinite or determinable by either party, either party may terminate the employment at will without cause. *Eastline & R. R. R. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99 (1888); *Watson v. Zep Mfg. Co.,* 582 S.W.2d 178 (Tex. Civ.App.1979, writ ref'd n. r. e.).

not in the best interest of the economic system or the public good." 316 A.2d at 551.)

NEW JERSEY: *O'Sullivan v. Mallon,* 160 N.J. Super. 416, 390 A.2d 149 (1978) (Discharge of X-ray technician who refused to perform catheterizations for which she was not properly trained held a breach of at-will employment contract.)

OREGON: *Nees v. Hocks,* 272 Or. 210, 536 P.2d 512 (1975) (Employee was discharged for missing work to serve on jury. *Held,* actionable in tort.)

SOUTH CAROLINA: *Harless v. First National Bank,* 246 S.E.2d 270 (S.C.1978) (Bank employee was fired for his effort to require the employer bank to operate in compliance with state and federal consumer credit and protection laws. *Held,* actionable in tort.)

Eight other states have refused to recognize a right of action for wrongful discharge when faced with certain fact situations. None of these reject the concept of a wrongful discharge cause of action completely.

ARIZONA: *Larsen v. Motor Supply Co.,* 117 Ariz. 507, 573 P.2d 907 (1977) review denied (Ariz.1978) (No cause of action for wrongful termination where employee refused to take a "psychological stress evaluation test," similar to a lie detector.)

COLORADO: *Lampe v. Presbyterian Medical Center,* 41 Colo.App. 465, 590 P.2d 513 (1978) (Supervising nurse was terminated when she was unable to reduce overtime worked by her staff without, in her view, jeopardizing care of patients. The court held general statutory pronouncement that nurses who have "negligently or willfully acted in a manner inconsistent with the health or safety of persons under their care" will not be relicensed did not outweigh the traditional employee at-will doctrine.)

GEORGIA: *West v. First National Bank of Atlanta,* 145 Ga.App. 808, 245 S.E.2d 46 (1978) (Bank discharged employee because she declared bankruptcy. *Held,* employee at will doctrine should not be supplanted by this fact situation.)

IOWA: *Abrisz v. Pulley Freight Lines, Inc.,* 270 N.W.2d 454 (Iowa 1978) (Plaintiff, employee was terminated in retaliation for her making untrue statements concerning her employer in support of another employee's application for unemployment benefits. *Held,* plaintiff's termination did not violate any public policy.)

KENTUCKY: *Scroghan v. Kraftco Corp.,* 551 S.W.2d 811 (Ky.App.1977) discretionary review refused (Ken.1977) (No right of action where employee is dismissed because he announced his intention to attend law school at night.)

NEW YORK: *Chin v. American Telephone & Telegraph,* 96 Misc.2d 1070, 410 N.Y.S.2d 737 (1978) (Plaintiff brought suit for retaliatory discharge claiming discharge was based on his political beliefs. *Held,* that while freedom of political belief may be an important public policy, plaintiff did not bear his burden of persuasion in this case.)

PENNSYLVANIA: *Geary v. United States Steel Corp.,* 456 Pa. 171, 319 A.2d 174 (1974) (Employee was terminated because he brought to his employer's attention the unsafe nature of various products. *Held,* no right of action in this case.)

WASHINGTON: *Roberts v. Atlantic Richfield,* 88 Wash.2d 887, 568 P.2d 764 (1977) (Tort of retaliatory discharge exists only where employee was fired for exercising statutory right or refusing to engage in criminal activity.)

Apparently, only in Alabama, has a right of action for wrongful discharge been expressly and emphatically rejected. *Hinrichs v. Tranquilaire Hospital,* 352 So.2d 1130 (Ala.1977) (Hospital employee was terminated for refusal to falsify medical records. *Held,* traditional employee at-will doctrine will not be overridden by something so nebulous as "public policy.") *See also Bender Ship Repair, Inc. v. Stevens,* 379 So.2d 594 (Ala.1980).

There is a trend toward limiting the employer's right to discharge his employees. *See* Peck, Unjust Discharges From Employment: A Necessary Change in the Law, 40 Ohio St.L.J. 1 (1979) and Puchalski, Public Policy and Wrongful Discharge—A New Dilemma for Employers, 24 For the Defense at 19–23 (March 1982).

2. The proposition that an at-will employee may be discharged at any time is not absolute in Texas. Tex.Rev.Civ.Stat.Ann. art. 8307c (Supp.1982) prohibits employers from "discharging or discriminating against an employee who proceeds under the Texas Worker's Compensation Act."

The law foreclosing the question in this appeal is clear; equally clear is the obligation of this intermediate Court to apply that law.