Dudley Gene MOLDER, Appellant,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.

No. 01–83–0374–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 29, 1983.

Rehearing Denied Jan. 26, 1984.

Robert W. Richard, William N. Wheat, Houston, for appellant.

Richard D. Billeaud, Christopher A. Knepp, Edward L. Kemble, Houston, for appellee.

Before DOYLE, WARREN and LEVY, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from a summary judgment denying the appellant's cause of action for breach of a contract. The appellant sought to enforce an alleged oral contract by which he claims that the appellee agreed to employ him permanently until he reached age 65.

The appellant began working for the appellee on January 5, 1950, at the age of eighteen. According to his testimony, he was frequently assured by his supervisors that as long as he performed his duties in a satisfactory manner, he would be employed by the appellee. The appellant, relying on these representations, and his periodic promotions with the management, worked for the appellee approximately 28 years. In 1978, the appellee terminated the appellant. In 1980, the appellant filed suit, alleging breach of an employment contract, wrongful discharge, fraud and misrepresentation. The court granted the appellee's motion for summary judgment and dismissed the appellant's suit. The appellant raises six points of error on appeal.

In the appellant's points of error one through three, he contends that the trial court erred in holding as a matter of law, that no contract of employment existed between the appellant and the appellee; that the appellant had no right to maintain the action for breach of contract and that the appellant should not be allowed to present evidence which might have established the existence of an implied contract. Neither the petition nor the affidavit of the appellant offered proof of a written contract. Furthermore, it has been held that unsigned employee benefit booklets, similar to those relied upon by the appellant, are insufficient memoranda of a contract of employment to satisfy the statute of frauds. *Hurt v. Standard Oil Co. of Texas*, 444 S.W.2d 342 (Tex.Civ.App.—El Paso 1969, no writ).

In *Hurt*, the court emphasized that none of the written material contained statements as to the type of work to be performed, or the wages to be paid. *Id.* at 346. The court held that the employee benefit booklets were not directed towards contractually binding the employees, but were designed to retain the employees by

their interest in the profits and benefits. *Id.* Additionally, the material contained references to the effect of the employee's dismissal, retirement or resignations, on the amount or receipt of certain benefits. The court held that these references indicated that the employment of the appellant was terminable at will.

■ In the case before us, the booklets submitted by the appellant were almost identical to those found in *Hurt*, generally outlining and explaining the effects of the appellant's voluntary resignation or retirement, and clearly implying a "terminable at will" arrangement. Thus, the appellant submitted no tangible summary judgment proof that a written contract existed in his motion to deny summary judgment.

■ The court was correct in impliedly holding that any oral contract that existed would necessarily fall within the Texas Statute of Frauds, Tex.Bus. & Comm.Code Ann. § 26.01 (1967) and would be unenforceable. *Hurt, supra.*

The appellant argues that he was contractually entitled to work for the appellee until retirement at age 65. When the appellant allegedly received these oral representations, he was eighteen years old. A contract of employment until retirement at age 65 could not have possibly been fulfilled within one year from the date of its making. These three points of error are overruled.

In the last three points of error, the appellant contends that the court erred in automatically applying the "at will" rule of employment, instead of considering the appellant's claims of fraud and tortious wrongful discharge. The appellant cites several cases from other jurisdictions in which the courts carved exceptions to the "at will" rule. See *Texas and New Orleans R.R. Co. v. Brotherhood of Railway and S.S. Clerks*, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034 (1930) (Court rejected a challenge to the constitutionality of Railway Labor Act). *Milton v. Illinois Bell Telephone Co.*, 101 Ill.App.3d 75, 56 Ill.Dec. 497, 427 N.E.2d 829 (1981); *Petermann v.*

*International Brotherhood of Teamsters*, 174 Cal.App.2d 184, 344 P.2d 25 (1959).

■ The "at-will" rule which the appellant refers to in his brief, is followed by Texas courts, and absent a specific contract term to the contrary, this rule allows an employee to quit or be fired without liability on the part of the employer or employee, with or without cause. *Maus v. National Living Center, Inc.*, 633 S.W.2d 674 (Tex. Civ.App.—Austin 1980, writ ref'd n.r.e.).

■ The appellant is urging this court to depart from a long line of Texas cases which uphold the "at-will" rule. See *Phillips v. Goodyear Tire & Rubber Co. v. Scott*, 72 Tex. 70, 10 S.W. 99 (1888); *Maus, supra; Watson v. Zep Manufacturing Co.*, 582 S.W.2d 178 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *United Services Automobile Association v. Tull*, 571 S.W.2d 551 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.); *Scruggs v. George A. Hormel & Co.*, 464 S.W.2d 730 (Tex.Civ. App.—Dallas 1971, writ ref'd n.r.e.). The appellate court, however, has an obligation of self restraint when deciding matters well-settled in the law. *Maus, supra; Watson, supra.* Additionally, we recognize that the legislature is the appropriate agency for effecting a change in policy regarding the employer-employee relationship. *Id.*

■ The appellant's pleadings and brief urge that it is against public policy to allow an employer to literally "use" an employee for 28 years, and then simply terminate him without reason, warning or cause. The appellant further alleges that he was terminated because of his refusal to engage in illegal conduct at the behest of his employer. Such a retaliatory discharge has been recognized in a number of states as a cause of action, either in tort or contract. The names of such states are set out in *Maus* at 676. Until our legislature or Texas Supreme Court has dealt with this issue, we, as an intermediate court, do not have the authority to create a new cause of action. We overrule the appellant's last three points of error.

The judgment of the trial court is affirmed.