**Pamela Sue JONES, Appellant,**

v.

**MEMORIAL HOSPITAL SYSTEM,
et al., Appellees.**

No. 01–84–0206–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.

Stefan Presser, American Civil Liberties Union, Houston, Peter Linzer, Houston, argued, for appellant.

Martin D. Beirne, Fulbright & Jaworski, Carol S. Butner, Fulbright & Jaworski, Houston, for appellees.

Before EVANS, C.J., and WARREN and BULLOCK, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a summary judgment entered in favor of the defendants, Memorial Hospital System, its president, R. William Warren, and its personnel director, Gene Ross.

In her petition, the plaintiff, Pamela Sue Jones, alleged that the defendants infringed her right to freedom of speech under article 1, section 8 of the Texas Constitution by terminating her employment with Memorial Hospital System. She also pleaded an action for slander, but that claim was later nonsuited. The trial court granted the defendants' motion for summary judgment, concluding, as a matter of law, that the plaintiff could not recover on her stated cause of action.

The plaintiff, a registered nurse, had been employed in the intensive care unit of Memorial Hospital. While so employed, she wrote an article which was published in a local Houston publication, Inner-View, critically describing the conflict between the wishes of terminally ill patients and their families and the orders of the attending physicians. Although the defendants contend there was a legitimate basis for the plaintiff's discharge other than the publication of the article in question, they concede in their briefs and statements at oral

submission that the summary judgment proof does not conclusively establish the reason for the plaintiff's termination.

■ Thus, we must decide whether the summary judgment record conclusively establishes that the plaintiff cannot recover on her claim that she was deprived of her right to free speech under article 1, section 8 of the Texas Constitution. Stated otherwise, we must ascertain whether the defendants met their burden of showing, as a matter of law, that the plaintiff has no cause of action against them. *See Bradley v. Quality Service Tank Lines,* 659 S.W.2d 33 (Tex.1983); *Neigut v. McFadden,* 257 S.W.2d 864 (Tex.Civ.App.—El Paso 1953, writ ref'd n.r.e.).

> Tex. Const. art. 1, sec. 8 provides that: Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press.

There are no reported cases applying this constitutional provision to an employment relationship. We decline to construe the Texas free speech provision as giving less protection to employees than that afforded by the First Amendment to the United States Constitution, and so we look to federal first amendment cases for guidance.

■ We first consider whether the plaintiff's conduct was constitutionally protected. The federal courts have declined to require protection of speech on matters solely of personal interest. To be entitled to first amendment protection, speech must relate to matters of "political, social, or other concern to the community." *Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983).

The article written by the plaintiff concerned the conflict between the duty of hospital personnel to prolong life and the right of patients to die with dignity. The plaintiff expressed her viewpoint and feelings as a nurse, caught between the doctor who gave the orders and a patient whose desires were being ignored. She stated her views in very personal prose, using a case history which, according to her testimony at deposition, was a fictitious blend of actual cases. Although she signed her own name to the article, she did not implicate any individual physicians or Memorial Hospital. When she submitted the article for publication, she told the editor that the patient's name was fictitious. After the article was published, the plaintiff handed out copies to her co-workers at the hospital, including her supervisor.

■ The ethical and social questions concerning a patient's right to die were and continue to be matters of public concern, and the plaintiff's article contributed to the public forum a viewpoint that might not otherwise be considered. The article represents a type of speech entitled to constitutional protection so as "to assure unfettered interchange of ideas for the bringing about of political and social changes." *Connick v. Myers,* 103 S.Ct. 1684 at 1689, quoting from *Roth v. United States,* 354 U.S. 476, 484, 77 S.Ct. 1304, 1308, 1 L.Ed.2d 1498 (1957).

■ Although the plaintiff based the article on experience acquired in her work for the hospital, she evidently wrote the article on her own time and submitted it to the newspaper. Her expression, therefore, did not interfere with her work performance or with her employer's business, but rather was intended to inform and provoke the interest of the public on a controversial public issue. We find that the context, form, and content of the article accords it the status of speech constitutionally protected from employer infringement. *Connick v. Myers, supra.* We next consider whether the plaintiff has stated a cause of action recognizable under Texas law.

The courts of Texas have strongly adhered to the position that, in the absence of a contractual provision to the contrary, an employer and an employee are free to terminate their relationship at any time, for any reason, or for no reason at all. *See East Line & R.R.R. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99 (1888); *Molder v. Southwestern Bell Telephone Co.,* 665 S.W.2d

175 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Maus v. National Living Centers, Inc.*, 633 S.W.2d 674 (Tex.App.—Austin 1982, writ ref'd n.r.e.).

In *Maus, supra,* the plaintiff, a nurse's aide, sued her employer, a nursing home, alleging that as a result of her complaints to her superiors about poor care and neglect of patients, and in retaliation therefor, she was fired from her job. The trial court entered a take-nothing judgment. The appellate court affirmed, citing the settled state of Texas law on the subject. In its opinion, the Austin Court of Appeals concluded that, because the Texas Supreme Court had not passed on the question of retaliatory discharge, it was not proper for it, as an intermediate court, to recognize an exception to the traditional employment-at-will doctrine for retaliatory firings.

 We recognize the decision of the Austin Court of Appeals in *Maus* as being a sound statement of the law; however, we do not find its holding applicable here. In the instant case, the plaintiff does not state her claim as a tortious action for retaliatory discharge, but solely as an action for infringement of her right of free speech guaranteed by the Texas Constitution. Thus, even though the hospital may have been entitled to discharge the plaintiff for no reason whatsoever or upon some basis not constitutionally protected, the plaintiff may still assert her claim for reinstatement if the hospital's decision was grounded upon the plaintiff's exercise of her constitutionally protected first amendment freedom of speech. *See Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Therefore, our holding that the plaintiff states a cause of action does not engraft a new exception on the "right-to-fire" policy of this state, and requires only that we recognize the protection afforded to the citizens of this state under the first amendment to the federal constitution and under article 1, section 8 of our state constitution.

We next consider whether the summary judgment record conclusively establishes the plaintiff's inability to maintain her action against these particular defendants. In this respect, the defendants assert that, even if the plaintiff is entitled to first amendment protection, that protection is afforded only against some action by the state. Thus, the defendants contend that, because the Memorial Hospital System is privately owned, their actions are not governed by the constitution, and that the plaintiff failed to demonstrate by competent summary judgment proof that the hospital was a public entity within the state action doctrine.

 U.S. Const. Amend. I provides that "Congress shall make no law ... abridging the freedom of speech, or of the press," and the United States Supreme Court has incorporated the freedom of speech guarantee into the privileges and immunities clause of U.S. Const. Amend. XIV, which forbids state governments from making or enforcing any law that abridges the privileges and immunities of United States citizens. Although the 14th amendment applies only to infringements by state government, private entities, through the doctrine of state action, have been subjected to liability for violating a person's constitutional rights. That is, the courts have used the state action doctrine as a tool for expanding the reach and applicability of federal constitutional guarantees.

 We need not decide whether the plaintiff's cause of action is necessarily predicated upon proof at trial that Memorial Hospital System is a public entity within the meaning of the state action doctrine. Although the defendants correctly point out that the plaintiff's summary judgment proof does not conclusively establish that fact, they are incorrect in their assumption that the plaintiff had that burden of proof as the non-movant in a summary judgment proceeding.

When a plaintiff's petition sets forth allegations which show, as a matter of law, that he is precluded from asserting his cause of action against the defendant, the latter is entitled to summary judgment even in the absence of supporting affidavits or other summary judgment proof. *See Hopper v. Midland County*, 500 S.W.2d 552 (Tex.Civ.App.—El Paso 1973, writ ref'd n.r.e.); *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 9 (Tex.1974). However, where the defendant merely contends that the plaintiff's allegations do not sufficiently set forth circumstances entitling it to recover against the defendant, it is improper for the trial court to grant a summary judgment in the defendant's favor. *Texas Department of Corrections v. Herring, supra; see also, Steele v. City of Houston*, 603 S.W.2d 786 (Tex.1980).

In the case at bar, the plaintiff's petition alleges a cause of action for declaratory judgment and related relief based upon the alleged infringement of her right of free speech under article 1, section 8 of the Texas Constitution. Although the plaintiff's petition does not allege facts which sufficiently reflect the defendants' status as a public entity within the state action doctrine, the defendants' allegations do not affirmatively negate that status, and as stated above, there is no competent summary judgment proof establishing such status as a matter of law. Whether such status exists in fact must await a full development of the evidence on that issue. The entry of a summary judgment for the defendants precluded the plaintiff from amending her petition, and in the absence of conclusive proof that the defendant is not an entity governed by the state action doctrine, the summary judgment for the defendants was improperly granted. Accordingly, the summary judgment must be reversed, and the cause remanded so that the facts may be fully developed.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.