TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00447-CV







Michael Wayne Bohannan, Appellant



v.



Texas Board of Criminal Justice and Texas Department of Criminal Justice, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 95-00141, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING






PER CURIAM

 Appellant Michael Wayne Bohannan challenges the trial court's dismissal of his suit against
appellees Texas Board of Criminal Justice and the Texas Department of Criminal Justice (collectively "the
State") as frivolous. See Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (West Supp. 1997). We will affirm
in part and reverse and remand in part the trial-court order.


THE CONTROVERSY


 Bohannan is an inmate who had accrued good conduct time while incarcerated. He was
released on mandatory supervision, which was later revoked. He filed the instant suit claiming to have been
adversely affected by the Board's September 17, 1993, policy directing that the Department cease the
restoration of good conduct time after the revocation of mandatory supervision. Bohannan's petition alleged
that (1) under former Texas Government Code section 498.005, the Board exceeded its statutory authority
by ordering the Department to cease the restoration of good conduct time in the absence of a finding that
prison crowding had decreased; (2) the Board's acts in developing the policy were procedurally defective;
(3) he had a vested property right to the restoration of good conduct time; and (4) the policy was
retroactively applied to him. The trial court granted the State's motion for dismissal of the cause under
section 13.001.




STANDARD OF REVIEW OF A SECTION 13.001 DISMISSAL


 Section 13.001(b) provides that the court can dismiss as frivolous or malicious a cause in
which an affidavit of inability to pay court costs has been filed if:


 (1)  the action's realistic chance of ultimate success is slight;

 (2)  the claim has no arguable basis in law or in fact; or

 (3) it is clear that the party cannot prove a set of facts in support of the
claim.



Tex. Civ. Prac. & Rem. Code Ann. § 13.001(b) (West Supp. 1997). However, the Texas Supreme
Court's decision in Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex. 1990), discouraged reliance on
either the first or third alternative to dismiss a suit. Practically speaking, the trial court is limited to the issue
whether the claim has an arguable basis in fact or law. Since no evidentiary hearing was held in the present
case, we will consider whether the dismissal was proper because the claim had no arguable basis in law. 
See McDonald v. Houston Dairy, 813 S.W.2d 238, 239 (Tex. App.--Houston [1st Dist.] 1991, no writ)
(trial court may need to hold evidentiary hearing to dismiss on the basis of no arguable basis in fact).

 The standard of review of a section 13.001 dismissal is whether the trial court abused its
discretion. Thomas v. Holder, 836 S.W.2d 351, 352 (Tex. App.--Tyler 1992, no writ). The test for
abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or
whether the act was arbitrary and unreasonable. McDaniel v. Yarbrough, 898 S.W.2d 251, 253 (Tex.
1995); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A clear failure
by a trial court to analyze or apply the law correctly is an abuse of discretion. McDaniel, 898 S.W.2d at
253; Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Under section 13.001, a trial court abuses
its discretion if it dismisses a case that has an arguable basis in fact or law. Hector v. Thaler, 862 S.W.2d
176, 179 (Tex. App.--Houston [1st Dist.] 1993, no writ).

 Further, we adopt the United States Supreme Court's holding in Neitzke v. Williams, 490
U.S. 319 (1989), that a cause is not necessarily frivolous simply because it is resolved against the plaintiff. 
In Neitzke, the Supreme Court considered whether a petition that failed to state a claim under Federal Rule
of Civil Procedure 12(b)(6) was automatically a frivolous claim under the federal in forma pauperis
statute, Title 28 U.S.C.A. section 1915(d). (1) Title 28 U.S.C.A. § 1915(d) (West 1994). The Court noted
that under rule 12(b)(6), the trial court must dismiss a cause if it is clear that no relief could be granted
under any set of facts that could be proven consistent with the allegations, "without regard to whether it is
based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 348. Conversely,
under the in forma pauperis statute, judges have the authority to dismiss a claim based on an "indisputably
meritless legal theory," and the "unusual power to pierce the veil of the complainant's factual allegations and
dismiss those claims whose factual contentions are clearly baseless." The Court concluded, "When a
complaint raises an arguable question of law which the district court ultimately finds is correctly resolved
against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of
frivolousness is not." Id. at 328; see also Eason v. Thaler, 14 F.3d 8, 9-10 (5th Cir. 1994) (must reverse
dismissal because cause neither "pure fantasy" nor based on "legally inarguable" proposition).

 The Neitzke court rejected the argument that the difference between dismissing a cause
as frivolous under the in forma pauperis statute and disposing of it by any other method is superficial. 
The Court compared the procedural protections the federal system affords a plaintiff who pays the statutory
court costs with the lack of procedural protections it affords an indigent plaintiff: (2)


 Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a
pending motion to dismiss for failure to state a claim and an opportunity to amend the
complaint before the motion is ruled upon. These procedures alert him to the legal theory
underlying the defendant's challenge, and enable him meaningfully to respond by opposing
the motion to dismiss on legal grounds or by clarifying his factual allegations so as to
conform with the requirements of a valid legal cause of action. This adversarial process
also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal
by creating a more complete record of the cause. By contrast, the sua sponte dismissals
permitted by, and frequently employed under, § 1915(d), necessary though they may
sometimes be to shield defendants from vexatious lawsuits, involve no such procedural
protections. . . .


 According opportunities for responsive pleadings to indigent litigants commensurate to the
opportunities accorded similarly situated paying plaintiffs is all the more important because
indigent plaintiffs so often proceed pro se and therefore may be less capable of formulating
legally competent initial pleadings.



Neitzke, 490 U.S. at 329-30 (citations omitted).

 Texas law is analogous. A trial court may dismiss a cause sua sponte under section
13.001 even before process is served. Tex. Civ. Prac. & Rem. Code § 13.001(c) (West Supp. 1997). 
Therefore, Texas courts hold that the plaintiff who files an affidavit of inability to pay has no right to notice
of a motion to dismiss or to an opportunity to amend. See Aguilar v. Chastain, 923 S.W.2d 740, 745
(Tex. App.--Tyler 1996, writ denied); Timmons v. Luce, 840 S.W.2d 582, 586 (Tex. App.--Tyler
1992, no writ); Kendrick v. Lynaugh, 804 S.W.2d 153, 156 (Tex. App.--Houston [14th Dist.] 1990,
no writ); Johnson v. Peterson, 799 S.W.2d 345, 346-47 (Tex. App.--Houston [14th Dist.] 1990, no
writ).

 The procedure for disposing of a claim subject to section 13.001 contrasts sharply with that
for disposing of any other claim. In cases in which the plaintiff is able to pay court costs, the defendant
must file special exceptions before asking for judgment on the pleadings, unless the plaintiff has affirmatively
pleaded himself out of court. Texas Dep't of Corrections v. Herring, 513 S.W.2d 6, 10 (Tex. 1974); see
also In re B.I.V., 870 S.W.2d 12, 13-14 (Tex. 1994). Holding that section 13.001 dismissals are limited
to causes that are indisputably meritless achieves a degree of parity between plaintiffs who can afford to pay
court costs and those who cannot. Further, it insures that the arguments and the record are fully developed
in the trial court. We will review this cause to determine whether Bohannan's claims are indisputably
meritless. 


APPLICATION OF LAW TO FACTS


Statutory Right to Declaratory Relief

 By point of error one, Bohannan complains that the trial court erred in dismissing his
statutory claim for declaratory relief as frivolous. We disagree. In his original petition, Bohannan relied on
Texas Government Code section 2001.038 for statutory authority to challenge the policy. Tex. Gov't Code
Ann. § 2001.038 (West 1997). Section 2001.038, which is part of the Administrative Procedure Act, 
provides that the validity or applicability of a rule may be determined in an action for declaratory judgment
if the plaintiff alleges that the rule or its threatened application interferes with or impairs, or threatens to
interfere with or impair, the plaintiff's legal rights or privileges.

 But Texas Government Code section 2001.226 provides that the Administrative Procedure
Act does not apply to a "rule or internal procedure of the Texas Board of Criminal Justice that applies to
any inmate or any other person under the custody or control of the department or to an action taken under
that rule or procedure." The original version of section 2001.226 was effective September 1, 1993. See
Act of June 16, 1993, 73d Leg., R.S., ch. 988, § 9.01, 1993 Tex. Gen. Laws 4274, 4305. This provision
effectively precludes Bohannan's challenge to the substance of the rule under section 2001.038 and whatever
procedural defects may have occurred under the APA.

 Bohannan's supplemental petition also alleged a cause of action under section 37.004 of the
Declaratory Judgments Act, which states that a person whose "rights, status, or other legal relations are
affected by a statute . . . may have determined any question of construction or validity arising under the . .
. statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac.
& Rem. Code § 37.004 (West 1986). His position is that he seeks a declaration of his rights, status or legal
relations under former Texas Government Code section 498.005, which provided that the Board must
consider inmate overcrowding in its review of the Department's rules regarding the restoration of good
conduct time.

 Bohannan may not seek to do indirectly what he cannot do directly. The obvious intent of
section 2001.226 is to preclude a challenge to a rule of the Texas Board of Criminal Justice. Bohannan may
not sidestep the section 2001.226 prohibition by casting his challenge to the rule as a request for a
declaration of his rights under former section 498.005. See W. D. Haden Co. v. Dodgen, 308 S.W.2d
838, 840 (Tex. 1958) (sovereign immunity bars contract action disguised as declaratory judgment). 
Bohannan's declaratory judgment cause of action is clearly precluded by statute and is therefore frivolous.


Improper Procedure

 Also under point one, Bohannan complains that the Board failed to give adequate notice of
its intent to promulgate rules regarding the restoration of good conduct time and that the challenged policy
was "promulgated pursuant to improper procedures." On appeal, Bohannan claims that the Board did not
comply with the notice provisions of the Open Meetings Act when it implemented its policy. See Tex. Gov't
Code Ann. §§ 551.001-.146 (West 1994 & Supp. 1997). We conclude that Bohannan is precluded from
raising this point on appeal since he did not raise it in the trial court.

 In his trial-court petition, Bohannan pled, "The new policy implementing Section 498.004(b)
of the Government code was promulgated pursuant to improper procedures." The petition did not explicitly
mention the Open Meetings Act. The Open Meetings Act claim and its remedies exist only pursuant to
statute. The mere allegation that "improper procedures" occurred would not put the trial court on notice that
the plaintiff intended to raise such a claim. 

 Moreover, the Open Meetings Act is not a part of the procedure by which an agency must
generally promulgate its rules. See Tex. Gov't Code Ann. §§ 2001.021-.038 (West 1997) (statute
requiring notice and opportunity to be heard before rules are promulgated). The procedures with which an
agency is explicitly required to comply when promulgating a rule are the notice and hearing provisions of the
APA, from which the Department is exempt. We hold that Bohannan may not raise an Open Meetings Act
claim on appeal because his petition did not raise such a claim.


Vested Property Rights and Administrative Authority

 Bohannan also raises two claims based on his interpretation of former Texas Government
Code sections 498.005 and 498.004. First, he claims that his right to the restoration of good conduct time
credits was "taken, without prior notice and hearing, and therefore in violation of the due process guarantee
of the 14th amendment to the U.S. Constitution and Article I Sections 17 and 19 of the Constitution of the
State of Texas." U.S. Const. amend. V, XIV; Tex. Const. art. I §§ 17, 19. Bohannan claims that former
section 498.005 created a property right in the restoration of good conduct time until prison overcrowding
decreases.

 Sovereign immunity does not prevent the assertion of a claim alleging that the state deprived
the plaintiff of property without due process of law. See, e.g., Stone v. Texas Liquor Control Bd., 417
S.W.2d 385, 385-86 (Tex. 1967); Chemical Bank & Trust Co. v. Falkner, 369 S.W.2d 427, 433 (Tex.
1963); Brazosport Savs. & Loan Ass'n v. American Savs. & Loan Ass'n, 342 S.W.2d 747, 750-52
(Tex. 1961); Davis v. City of Lubbock; 326 S.W.2d 699, 715 (Tex. 1959); Board of Ins. Commr's v.
Title Ins. Ass'n of Tex.,272 S.W.2d 95, 97-98 (Tex. 1954); City of Amarillo v. Hancock, 239 S.W.2d
788, 791-92 (Tex. 1951); Martine v. Board of Regents, 578 S.W.2d 465, 472 (Tex. Civ. App.--Tyler
1979, no writ). The Bill of Rights protects a citizen from the state's excesses. Just as the state may not
assert sovereign immunity to avoid a claim that property was taken without compensation, Steele v. City
of Houston, 603 S.W.2d 786, 791 (Tex. 1980), the state may not assert sovereign immunity to avoid a
claim that it took property without due process of law. Although there is no cause of action for damages,
a plaintiff whose constitutional rights have been violated may sue for equitable relief. City of Beaumont v.
Bouillion, 896 S.W.2d 143, 150 (Tex. 1995); Alcorn v. Vaksman, 877 S.W.2d 390, 404 (Tex.
App.--Houston [1st Dist.] 1994, writ denied); Courtney v. University of Tex., 806 S.W.2d 277, 283-85
(Tex. App.--Fort Worth 1991, writ denied); Jones v. Memorial Hosp. Sys., 677 S.W.2d 221, 225-26
(Tex. App.--Houston [1st Dist.] 1984, no writ); Martine, 578 S.W.2d at 470. What Bohannan seeks is
an adjudication whether the Board's acts were unconstitutional and equitable relief. Bouillion, 896 S.W.2d
at 149.

 A statute creates a property interest if it places a substantive limitation on official discretion
to deny a particular interest. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462 (1989). 
A grant of unfettered discretion, as demonstrated by the absence of standards or mandatory prerequisites,
does not give rise to an entitlement. Id.; Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 461
(1981). Conversely, a specific directive to the decisionmaker that a particular outcome must follow if the
substantive predicates are present creates a liberty interest. Thompson, 490 U.S. at 463. Mandatory
language stating that a prisoner shall be released on parole unless certain enumerated factors are found to
be present creates a presumption, and therefore, an expectation of release. Board of Pardons v. Allen,
482 U.S. 369, 378 (1987).

 Bohannan's statutory argument is that (1) the legislature vested the Department with the
discretion to restore good conduct time credits in former section 498.004(b), and (2) under former section
498.005, the Board could order the Department to cease the restoration of good conduct time credits only
if it found that overcrowding had decreased. (3)
 Bohannan claims that at the meeting during which the Board
established the new policy, it expressly found that overcrowding had not decreased. Minutes from the
meeting were not introduced into evidence. (4)

 In Ex parte Montgomery, 894 S.W.2d 324 (Tex. Crim. App. 1995), an inmate challenged
a similar policy, the Board's decision not to restore good conduct time credits to inmates who lost their good
conduct time for disciplinary violations. The Court of Criminal Appeals concluded that the inmate did not
have a vested property interest in the restoration of good conduct time. However, the Ex parte
Montgomery court did not consider the question whether the Board could order the Department to cease
the restoration of good conduct time credits in the absence of a finding that overcrowding had decreased.

 Without deciding the merits, we conclude that Bohannan's claim that section 498.005
created a vested property interest is not indisputably meritless. Ex parte Montgomery is not dispositive,
nor has any other court expressly considered whether the Board must find that overcrowding had decreased
before it could order the Department to cease the restoration of good conduct time credits. We sustain
point of error one with regard to Bohannan's claim that the state deprived him of vested property rights and
overrule it in all other regards.

 Also, by point of error two, Bohannan complains that a dismissal on the basis of sovereign
immunity is improper because a suit alleging that the Board acted outside its authority is not a "suit against
the state" precluded by immunity. Texas Highway Comm'n v. Texas Ass'n of Steel Importers, Inc., 372
S.W.2d 525, 530 (Tex. 1963); Bullock v. Marathon Oil Co., 798 S.W.2d 353, 361 (Tex. App.--Austin
1990, no writ); Public Util. Comm'n v. City of Austin, 728 S.W.2d 907, 911 (Tex. App.--Austin 1987,
writ ref'd n.r.e.). The State's motion to dismiss completely failed to address his argument that the Board
was not authorized to act in the absence of a particular finding. Without deciding the merits, we conclude
that Bohannan's claim that the Board acted beyond its authority is not "indisputably meritless." His legal
construction of the Board's statutory authority under sections 498.004(b) and 498.005 is arguable. Sections
498.004(b) and 498.005 are susceptible of different constructions, and no court has expressly ruled on the
merits of the argument presented. We therefore hold that Bohannan's claim that the Board exceeded its
statutory authority is not frivolous. Accordingly, we sustain point of error two.

 By points of error three, five, seven, and fourteen, Bohannan complains that the trial court
erred in dismissing his cause with prejudice. Texas courts have come to different conclusions regarding the
propriety of dismissing with prejudice under section 13.001. Compare Morris v. Collins, 881 S.W.2d
138, 139 n.3 (Tex. App.--Houston [1st Dist.] 1994, writ denied) (trial court erred by ruling on the merits),
with Kendrick v. Lynaugh, 804 S.W.2d 153, 156 (Tex. App.--Houston [14th Dist.] 1990, no writ) (trial
court could dismiss with prejudice without allowing the plaintiff to replead). (5) 

 We need not decide whether it is appropriate to dismiss with prejudice under section 13.001
in all circumstances because in this case we will affirm as to the declaratory judgment claim under Texas
Government Code section 2001.038 and Texas Civil Practice & Remedies Code section 37.004. A more
specific pleading could not alter the result with regard to a cause of action under either of those theories,
so a dismissal with prejudice as to those claims would be proper even under the Herring standard. We
overrule points of error three, five, seven and fourteen.

 By points of error four and eight through thirteen, Bohannan raises miscellaneous points of
error regarding the authority of the state's attorney to represent it, the failure of the trial court to make
findings of fact and conclusions of law, and the trial court's dismissal of the cause before he had an
opportunity to respond or begin discovery. We need not address these points due to our disposition of the
other points of error. 


CONCLUSION


 We reverse the dismissal as to Bohannan's claim that the Board exceeded its statutory
authority and divested him of a vested property right, and sever and remand that portion of the cause to the
trial court for proceedings consistent with this opinion. The dismissal is affirmed in all other regards.


Before Justices Powers, Jones and B. A. Smith

Affirmed in Part; Reversed and Remanded in Part

Filed: March 6, 1997

Publish

1. Section 1915(d) provides that in in forma pauperis actions, "The court . . . may dismiss the case if
the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Id. Although the
statute does not specifically state that the court may dismiss a cause sua sponte even before issuance of
process, the statute is interpreted as allowing such dismissals. See Neitzke v. Williams, 490 U.S. 319,
324 (1989).
2. Statutory court costs are generally set at a small, flat fee and do not cover the true costs of litigating
in state courts. See John Leubsdorf, Constitutional Civil Procedure, 63 Tex. L. Rev. 579, 633 (1984).
3. Former Section 498.004 (b) provided:


 On the revocation of parole or mandatory supervision of an inmate, the inmate forfeits all
good conduct time previously accrued. On return to the institutional division the inmate
may accrue new good conduct time for subsequent time served in the division. The
department may restore good conduct time forfeited on a revocation that does not
involve a new criminal conviction after the inmate has served at least three months
of good behavior in the institutional division, subject to policies established by the
division.


Act of March 21, 1991, 72nd Leg. R.S., ch. 16, § 10.01, 1991 Tex. Gen. Laws 244, 297 (emphasis
added). 


 Former Section 498.005 provided:


 At least annually, the board shall review the institutional division's rules relating to
restoration of good conduct time that has been forfeited, the manner in which inmates are
reclassified, and the manner in which additional good conduct time is awarded retroactively
to inmates who have been reclassified. The board shall consider in its review whether
the inmate overcrowding in the institutional division has decreased and whether it
is necessary for purposes of decreasing overcrowding to classify inmates according
to Section 498.02, to restore good conduct time under Section 498.004, or to award
additional good conduct time retroactively to inmates who have been reclassified. 
If the board determines that overcrowding has decreased and it is not necessary to classify
inmates according to Section 498.002(a), it shall order the institutional division to classify
inmates according to Section 498.002. If the board determines that overcrowding has
decreased and it is not necessary to restore good conduct time or award additional
good conduct time, it shall direct the institutional division to discontinue those
practices.


Id. at 298 (emphasis added).

4. The Department asks us to take judicial notice of the minutes from the September 17, 1993, meeting. 
It attached uncertified, unverified copies of papers to its appellate brief. There is no indication that the
minutes are published or that they are supported by any other indicia of reliability. See Fetchin v. Meno,
922 S.W.2d 549, 551-52 (Tex. App.--Austin 1995), rev'd on other grounds, 916 S.W.2d 961 (Tex.
1996). We may not take judicial notice of the documents, but note that the documents show that the Board
found that overcrowding had not decreased.
5. Federal courts of appeals also differ in their approach. The United States Supreme Court's holding
in Denton v. Hernandez, 504 U.S. 285 (1992), does not clearly state under what circumstances it is
appropriate to dismiss with prejudice under the federal in forma pauperis statute:


 Because a § 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of
the court's discretion under the in forma pauperis statute, the dismissal does not prejudice
the filing of a paid complaint making the same allegations. It could, however, have a res
judicata effect on frivolousness determinations for future in forma pauperis petitions. . . .
Therefore, if it appears that frivolous factual allegations could be remedied through
more specific pleading, a court of appeals reviewing a § 1915(d) disposition should
consider whether the District Court abused its discretion by dismissing the complaint
with prejudice or without leave to amend. 


Id. at ___ (emphasis added).


">Affirmed in Part; Reversed and Remanded in Part

Filed: March 6, 1997

Publish

1. Section 19