HUNTER et al. v. STRONG.  (No. 7205.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 5, 1924. Rehearing Denied Dec. 17, 1924.)

1. Master and servant ⬡⟿20—Contract for indefinite period may be terminated at will.

Either party has right to terminate a contract of employment to sell stock on commission made for an indefinite period at will and without cause.

2. Master and servant ⬡⟿73(5)—Contract right to commissions on future sales of stock to customers originally procured by agent held to cease on termination of employment.

Under Contract providing that, if persons who purchased stock through plaintiff's solicitation thereafter purchased additional shares from defendants, she would be entitled to a commission thereon until such contract was terminated, when her employment terminated her right to commissions on any sales thereafter consummated by defendants or its other agents automatically ceased.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by Ethel Strong against E. J. Hunter and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

Hicks, Hicks, Dickson & Bobbitt and Russell & Woodhull, all of San Antonio, for appellants.

C. W. Trueheart and Ball & Seeligson, all of San Antonio, for appellee.

SMITH, J. As plaintiff below, appellee alleged that she entered into a verbal contract with appellants, stockbrokers, by which she was employed to sell oil and other stocks on commission.

The case here hinges upon the stipulation in the contract, as it is alleged, that if persons who purchased shares of stock through appellee's solicitation "thereafter purchased additional shares of stock from the defendants, on such additional shares so sold by defendants plaintiff would be entitled to a commission of 15 per cent. on the amounts agreed to be paid by the purchasers of said stock, and such commission would be paid to the plaintiff by the defendants on such future sales, until such contract was terminated."

It was shown that under this contract appellee solicited and secured the patronage of O. G. Hugo, M. J. Bliem, and R. E. Moss, who, through her, purchased certain stocks from appellants, who paid her the agreed commission on such sales; and that subsequently, after they had without cause terminated her employment, appellants themselves or through other agents sold additional shares of stock to Hugo, Bliem, and Moss. This suit was brought by appellee against appellants to recover the stipulated commissions upon these sales which were negotiated by appellants, without the aid of appellee, after the latter's employment had been terminated. The cause was submitted to a jury upon special issues, upon which the trial court rendered judgment for appellee for $6,622.50, which appellants are here contesting.

[1] It is conceded that the contract was made for an indefinite period, and, this being the case, it is well settled that under the law either party had the right to terminate the contract at will, and without cause. Railway v. Scott, 72 Tex. 70, 10 S. W. 99, 13 Am. St. Rep. 758; Railway v. Griffin, 106 Tex. 477, 171 S. W. 703, L. R. A. 1917B, 1108.

It appears from the record that upon their own motion, and without apparent cause, appellants terminated this contract late in May, 1919. Under the rule stated, however, the time or manner of its abrogation was left wholly to the will of either party, and therefore appellants were clearly within their rights, and were in no wise in default, in terminating the contract.

[2] It being thus ascertained that the contract was fully and rightfully terminated, and that the sales in question were made entirely by appellants after their contract with appellee had ended, and without her aid, is there any rule of equity available to her, by which she may avoid or defeat the express provision in the contract that she would be entitled to commission "on such future sales" only "until such contract was terminated"? We do not think so.

It is obvious that in the absence of an express stipulation therefor, appellee would not have been entitled to commissions upon subsequent sales made by her employers or their other agents to persons to whom she in person had previously made other sales—to customers originally procured by her—and so we must look to that stipulation in ascertaining the nature and scope of the specific agreement. When we do so, we find that her right to such commissions applied only to such future sales as were made during the life of the contract, or, in the specific language of the agreement as alleged, "until such contract was terminated." In other words, as long as she was in the firm's employment she would be entitled to commissions not only on all sales made by her, but also on all sales made by her employers to customers she had originally procured; but, when her employment terminated, her right to commissions on any sales thereafter consummated by appellants or its other agents automatically ceased. No other meaning than this can be read into the contract.

We sustain appellants' second "point," that the jury should have been directed to return a verdict for appellants, and the assignments of error on which that point is predicated. All other assignments become immaterial, and on that ground are overruled.

The judgment is reversed, and judgment is here rendered in favor of appellants.