## MAGNOLIA PETROLEUM CO. v. DUBOIS.
### No. 8062.

Court of Civil Appeals of Texas. Austin.
Feb. 27, 1935.

Rehearing Denied March 13, 1935.

Henderson, Kidd & Henderson, of Cameron, and W. H. Francis, A. S. Hardwicke, and Russell Surles, all of Dallas, for appellant.

W. S. Barron, of Bryan, and E. A. Wallace, of Cameron, for appellee.

158

BLAIR, Justice.

Appellee sued appellant for damages arising out of the alleged breach of an employment contract. In the main the material facts were undisputed, which, together with the facts found by the jury, showed that by a written contract dated October 27, 1927, and renewed by a similar one, dated July 16, 1931, appellant employed appellee to sell its petroleum products at Cameron, Tex., on a commission basis; each contract expressly providing that it might be terminated at the will of either party, with or without cause.

In April, 1932, appellee and his son-in-law, W. W. Gunn, began negotiations with appellant whereby appellee agreed to surrender his then existing Cameron agency, and his right in connection with such employment to annuities, beginning after he reached the age of retirement at 65; and Gunn agreed to surrender a similar agency with appellant at Palestine, Tex., in consideration of appellant's agreeing to employ Gunn as its agent at Cameron and Rockdale, either as one agency, or, if found necessary, a separate agency would be operated by Gunn at Rockdale. It was also agreed that Gunn might or would employ appellee, who was nearing the age of retirement, upon terms satisfactory to themselves. The group insurance or annuities contracts provided by appellant for its employees were voluntary grants, and the contracts which covered appellee expressly provided that such plan should not be construed as giving any employee the right to be retained in the service of appellant for any definite period of time; and that discharge of any employee from service, with or without cause, terminated any right or claim of the employee to such insurance or annuities. Pursuant to such agreement or agreements, appellee surrendered his Cameron agency and his right to receive annuities on reaching the age of retirement; and Gunn likewise surrendered his similar Palestine agency. These transactions were consummated on August 1, 1932, and on which date a similar contract was executed by appellant, appointing Gunn to the Cameron agency naming several towns as tributary, but omitting any mention of Rockdale, although it was orally agreed at the time that Rockdale would be later added when it was determined whether it should be a part of the Cameron agency, or a separate agency operated by Gunn. This contract was for no definite period of time, but expressly provided that it might be terminated at the will of either party, with or without cause. Later, appellant refused to give Gunn the Rockdale agency; and still later, on February 1, 1933, appellant terminated Gunn's Cameron agency, presumably because of the disagreement over the Rockdale agency.

Appellee brought this action seeking to recover damages for breach of the verbal contract whereby he agreed to surrender his Cameron agency and his right to annuities after reaching the age of retirement, in consideration of appellant's agreement to give Gunn the Cameron and Rockdale agency. He alleged that by refusing to give Gunn the Rockdale agency, appellant repudiated its said verbal contract with appellee, entitling him "to rescind the verbal contract and to recover the value of the consideration so paid by him therefor," namely, the net commissions he would have earned from the date of the surrender of the Cameron agency on August 1, 1932, until he reached the age of retirement at 65; and the amount of the annuities he would have received during his life expectancy after reaching the age of retirement. Appellee further alleged in this connection that since appellant had not prior to the execution of said verbal contract terminated his Cameron agency, and had not indicated any purpose of doing so, it would be presumed that but for the execution of the verbal contract sued upon appellant intended to and would have continued his Cameron agency until he reached the age of retirement at 65, at which time his right to annuities would have matured.

The jury found that $3,123 would compensate appellee for loss of alleged commissions, and that $1,250 would compensate him for annuities he would have received after retirement; and judgment was accordingly rendered in his favor for $4,373.

Under the facts stated and the theory of recovery upon which appellee based his action, the trial court erred in refusing the motion of appellant for an instructed verdict. While it is true appellee alleged that his action was based upon a breach of the verbal contract to give Gunn the Rockdale agency, still, if effect be given to appellee's theory of recovery or measure of damages asserted, his action was necessarily based upon a breach of his Cameron agency as of date of August 1, 1932. That is, appellee sought to recover the net commissions he would have earned from the date of the surrender of his Cameron agency on August 1, 1932, until he reached the age of retirement at 65, and the amount of annuities he would have received during his life expectancy after reaching the age of retirement. Clearly

these items of damages would not be damages resulting from the breach of the verbal contract to give Gunn the Rockdale agency; but would necessarily be the damages resulting from the breach of appellee's Cameron agency contract. Appellant was not liable to appellee for damages for breach of his Cameron agency contract, because that contract was terminable at the will of either party, with or without cause, and was in fact terminated by agreement of the parties on August 1, 1932. Nor could it be material what motive, if any, appellant may have had in inducing appellee to surrender his Cameron agency in consideration of appellant's agreeing to give Gunn the Cameron and Rockdale ncy, because in so doing appellant me... rminated the employment contract of appellee, which it had the legal right to do under the express terms of such contract, with or without cause. The rule is settled that, "if the employer was privileged to terminate the engagement, there can be no recovery of damages, whatever his motive." 29 Tex. Jur., 20, § 8; East Line & R. R. Ry. Co. v. Scott, 72 Tex. 70, 10 S. W. 99, 102, 13 Am. St. Rep. 758; St. Louis S. W. R. Co. v. Griffin, 106 Tex. 477, 171 S. W. 703, L. R. A. 1917B, 1108. This rule is predicated upon "the general rule that the motive with which a person acts or with which an injury is inflicted is not material in determining the existence of a cause of action. Accordingly, one may exercise a legal right regardless of the motive actuating him, and the fact that an act not otherwise amounting to a legal injury is done with evil intent or improper motives does not render it actionable." 1 Tex. Jur. 627, 628. Other cases supporting this rule are Salado College v. Davis, 47 Tex. 131, 135; Dallas Land & Loan Co. v. Garrett (Tex. Civ. App.) 276 S. W. 471; Griffin v. Palatine Ins. Co. (Tex. Com. App.) 235 S. W. 202; Singer Sewing Machine Co. v. Kaltwasser (Tex. Civ. App.) 255 S. W. 631; Hunter v. Strong (Tex. Civ. App.) 265 S. W. 539; Roberts v. Clark (Tex. Civ. App.) 103 S. W. 417; Southwestern Oil & Ref. Co. v. Morgan (Tex. Civ. App.) 280 S. W. 320; Montgomery v. Phillips Pet. Co. (Tex. Civ. App.) 49 S.W.(2d) 967; and Baker v. Metropolitan Life Ins. Co. (Ky.) 64 S. W. 913, 914, 55 L. R. A. 271; in which last-cited case an employee under a contract terminable at will sought recovery of damages from his employer based on the latter's motive or purpose of exercising his legal right to discharge the employee, and the court held as follows: "It will be observed that the plaintiff alleges that his employment was for an indefinite length of time. He had, therefore, the right to quit whenever he saw proper. The defendant had also the right to terminate the employment at pleasure. When it discharged him, therefore, it exercised only a legal right."

But appellee says that since he alleged and offered proof tending to show that appellant had not, prior to making the verbal contract to give Gunn the Rockdale agency, terminated or indicated that it intended to terminate his existing Cameron agency, it would be presumed that but for the execution of the said verbal contract appellant would have continued his Cameron agency until he reached the age of retirement at 65; and that under this theory of recovery his damages for the breach of the verbal contract to give Gunn the Rockdale agency would be the present value of the surrendered Cameron agency. What appellant would or may have done with regard to the termination of appellee's Cameron agency prior to his reaching the age of retirement but for the making of such verbal contract, was and is merely speculative, and therefore such theory of recovery is untenable. Such theory of recovery is also untenable because it presumes that appellee's Cameron agency would have been continued until he reached the age of retirement, without any sort of agreement to that effect, and contrary to the express terms of such contract that it was terminable at the will of either party.

Another complete answer to such theory of recovery is that on the date of the breach of the verbal contract to give Gunn the Rockdale agency, appellee's former Cameron agency had no value, because it had been theretofore, on August 1, 1932, terminated and surrendered by agreement of the parties, and manifestly the breach of the verbal contract to give Gunn the Rockdale agency would not have the effect of reviving or restoring appellee's Cameron agency as it existed on the date of surrender thereof, August 1, 1932. So, to give any effect to appellee's alleged theory of recovery, it must be held that because of the breach of the verbal contract to give Gunn the Rockdale agency, the Cameron agency of appellee as it existed on August 1, 1932, was likewise breached, and was in some manner converted into a contract of employment terminable upon appellee reaching the age of retirement at 65, without any sort of agreement to that effect, and notwithstanding such contract expressly provided that it was terminable at the will of either party, with or without cause,

and in fact had been terminated and surrendered by agreement on that date. Such is the effect of appellee's theory of recovery, and it cannot be sustained.

We reverse the judgment of the trial court, and here render judgment for appellant, that appellee take nothing by his suit.

Reversed and rendered.