**Michael Andrew HAUCK, Appellant,**

v.

**SABINE PILOTS, INC., Appellee.**

No. 09 83 230 CV.

Court of Appeals of Texas,
Beaumont.

June, 7, 1984.

Rehearing Denied June 28, 1984.

Walter Umphrey, Greg Thompson, Port Arthur, for appellant.

Gilbert I. Low, Robert J. Hambright, Beaumont, Carl Porter, Port Arthur, for appellee.

OPINION

DIES, Chief Judge.

Appellant, Michael Andrew Hauck, brought suit below alleging wrongful termination from employment with appellee, Sabine Pilots, Inc., in 1983. Appellee was granted a summary judgment from which appellant has perfected his appeal to this Court.

 To uphold this summary judgment, appellee, as movant, must establish as a matter of law that there is no genuine issue of fact. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.1972). In determining whether the trial court erred in entering the summary judgment against appellant, this Court must accept as true the nonmovant's version of the facts as evidenced by the summary judgment proof and we must make every reasonable inference in the nonmovant's favor. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952); *Conerly v. Morris,* 575 S.W.2d 633 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). It matters not that the reviewing court may surmise that the party opposing the motion is unlikely to prevail on the merits. *Herold v. City of Austin,* 310 S.W.2d 368 (Tex.Civ.App.—Austin 1958, writ ref'd n.r.e.). In reviewing a summary judgment, this Court is to disregard all conflicts in the evidence; that is, the proof which tends to support the position of the party opposing the motion is accepted as true, and all doubts as to the existence of a genuine issue of a material fact are resolved against the movant. *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972).

It is appellant's position that he was discharged from his employment because he refused to pump the bilges of his vessel at a place where it was prohibited by federal law.

Appellee contends that the term of appellant's employment was indefinite and his employment could be terminated at will, with or without cause. Appellee cites us

*East Line & R.R.R. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99, 102 (1888), which has been consistently followed in Texas. That case declared:

"It is very generally, if not uniformly, held, when the term of service is left to the discretion of either party, or the term left indefinite, or determinable by either party, that either may put an end to it at will, and so without cause."

*See Hunter v. Strong,* 265 S.W. 539 (Tex. Civ.App.—San Antonio 1924, writ dism'd). *See also Advance Aluminum Castings Corp. v. Schulkins,* 267 S.W.2d 174 (Tex. Civ.App.—Beaumont 1954, no writ); *Magnolia Petroleum Co. v. Dubois,* 81 S.W.2d 157 (Tex.Civ.App.—Austin 1935, writ ref'd). *Accord, Phillips v. Goodyear Tire & Rubber Co.,* 651 F.2d 1051 (5th Cir.1981); *Perdue v. J.C. Penney Co., Inc.,* 470 F.Supp. 1234 (S.D.N.Y.1979); *Maus v. National Living Centers, Inc.,* 633 S.W.2d 674 (Tex. Civ.App.—Austin 1982, writ ref'd n.r.e.).

 We recognize, as of course we must, that as an intermediate court our duty is to follow the law as enunciated by our Supreme Court. *See Watson v. Zep Mfg. Co.,* 582 S.W.2d 178, 179–180 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). While many of the cases we cite above, including *East Line & R.R.R. Co. v. Scott,* say that the employer's motive is immaterial in discharging an employee, we have been cited to none where the direct question involved is: Does an employee state a cause of action when he alleges wrongful termination because of his or her failure to commit an *illegal* act ordered by the employer?

In *Petermann v. International Brotherhood of Teamsters,* 174 Cal.App.2d 184, 344 P.2d 25 (1959), an employee was fired for failing to give false testimony under oath as ordered by his employer. The Court refused to sanction an employer in encouraging or requiring its employees to violate the law. In *Sheets v. Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 427 A.2d 385 (1980), the Court held that an employee's insistence on compliance with a Connecticut Food and Drug Act could not become a reason for discharge. In *Tame-*

*ny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 610 P.2d 1330, 164 Cal.Rptr. 839 (1980), the plaintiff was discharged by his employer for refusing to participate in an illegal price fixing scheme. The Court held the employer violated public policy. *See also O'Sullivan v. Mallon*, 160 N.J.Super. 416, 390 A:2d 149 (1978) (refusal of x-ray technician to perform activities in which she was neither trained nor licensed); *Harless v. First National Bank in Fairmont*, 246 S.E.2d 270 (W.Va.1978) (employee's attempt to require his employer's bank to comply with consumer credit protection laws).

■ We conclude that appellant stated a cause of action, and is entitled to a trial. This opinion should not be construed as a repudiation of the "at will" doctrine.

The order of the trial court granting a summary judgment is reversed, and the case is remanded for trial.

Reversed and Remanded.