TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00220-CV







Gunn Chevrolet, Appellant



v.



 Smith Motor Sales, Inc.; Tom Benson Chevrolet, Inc; Krueger Chevrolet, Inc.;

Koepp Chevrolet, Inc.; Roy F. Smith; Tom Benson; Jack Krueger; and


Ewald Koepp, Jr., Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 449,789-A, HONORABLE JOSEPH H. HART, JUDGE PRESIDING








 Gunn Chevrolet, Inc. appeals from a summary judgment that it take nothing by its
actions against appellees Smith Motor Sales, Inc.; Tom Benson Chevrolet, Inc.; Krueger
Chevrolet, Inc.; Koepp Chevrolet, Inc.; Roy F. Smith; Tom Benson; Jack Krueger; and Ewald
Koepp, Jr. We will affirm the trial-court judgment.



THE CONTROVERSY


 The Texas Motor Vehicle Commission regulates the distribution and sale of new
motor vehicles. One aspect of that regulation is dealer licensing--persons are forbidden to engage
in the business without a Commission license. See Texas Motor Vehicle Commission Code, 66th
Leg., R.S., ch. 709, sec. 16, § 4.01, 1979 Tex. Gen. Laws 1725, 1730 (Tex. Rev. Civ. Stat.
Ann. art. 4413(36), § 4.01, since amended) (hereinafter the "Code"); see also Code §§ 3.01(a), 3.02, 3.03, 4.01, 4.02. (1) The objective of the licensing is to ensure competitiveness
among dealers in the same "line-make" of new motor vehicles while preventing ruinous
competition between such dealers. See id. § 4.06(c)(1)-(5).

 Consequently, existing dealers are entitled to actual notice of the filing of a license
application by a new dealer who proposes to establish a dealership near existing dealers who sell
the same "line-make"; the existing dealers are authorized to appear in the Commission proceeding
in opposition to the granting of the new license, provided they do so in a writing that states the
grounds or reasons for their "protest" and that their "protest is not made for purposes of delay or
for any other purpose except for justifiable cause under the Code." 16 Tex. Admin. Code § 103.4
(1995); see also Code § 4.06(d). On the timely filing of a protest, the proceeding becomes a
contested case to be adjudicated by the Commission based on evidence received in a hearing held
for the purpose. 16 Tex. Admin. Code § 103.6; see generally Administrative Procedure Act,
Tex. Gov't Code Ann. §§ 2001.001, .051-.225 (West 1995). A party aggrieved by the
Commission decision is authorized to bring an action for judicial review. See Code § 7.01.

 In 1986, Gunn applied for a new-dealership license. Appellees, holders of
dealership licenses to sell the same "line-make," appeared in the Commission proceeding in
opposition to Gunn's application. On June 30, 1988, the Commission approved Gunn's
application after a contested-case hearing. Appellees sued for judicial review of the Commission
decision. The district court affirmed the Commission decision in a judgment we affirmed
subsequently in Smith Motor Sales, Inc. v. Texas Motor Vehicle Commission, 809 S.W.2d 268
(Tex. App.--Austin 1991, writ denied). Thereafter, Gunn sued appellees on causes of action for
malicious prosecution, (2) interference with contract, (3) civil conspiracy, and a cause of action
delineated in the Restatement (Second) of Torts § 680 (1977). The stated theory of each action
was that appellees opposed Gunn's license application in bad faith, both in the Commission
proceeding and on judicial review, thereby causing a two-year delay in Gunn's licensing and
resulting economic losses.

 The district-court order, sustaining appellees' motion for summary judgment, (4) does
not state the grounds therefor. We will, in our discussion below, refer to grounds pleaded by
appellees and set out in their motion for summary judgment.



PRIVILEGE


 In its first point of error, Gunn contends the trial court erred because the
summary-judgment record did not establish as a matter of law appellees' claim of privilege, (5) upon
which the appellees moved for summary judgment as to Gunn's actions for malicious prosecution
and for interference with contract. The elements of a claim for malicious prosecution include the
combined elements of malice and want of probable cause in the defendant's initiation or
continuation of a civil or criminal proceeding against the plaintiff. "Where want of probable cause
is first shown, then malice may be established by proof that the defendant's sole purpose for
commencing the prosecution was to subserve his private interests. . . . [T]he suit must fail if the
plaintiff does not establish want of probable cause." Lloyd v. Meyers, 586 S.W.2d 222, 227 (Tex.
Civ. App.--Waco 1979, writ ref'd n.r.e.) (emphasis added); see also Holt v. Follett, 65 Tex. 550,
554 (1886); Gabel v. Weisensee, 49 Tex. 131, 139 (1878). A claim for interference with a
contract may be defeated if the defendant establishes the affirmative defense that he or she had an
equal interest in the subject matter. Sakowitz v. Steck, 669 S.W.2d 105, 107 (Tex. 1984). (6)

 On motion for summary judgment, a defendant may establish privilege as a matter
of law by a conclusive showing that he or she acted with probable cause, in cases of malicious
prosecution, or with an equal interest in the subject matter, in cases of interference with contract. 
Id. at 107-08. The burden lies, of course, upon the defendant who moves for summary judgment. 
We should add that the defendant's mental state ("bad faith") becomes immaterial if it is
established that he or she acted with probable cause, in cases of malicious prosecution, or with
an equal interest in the subject matter in cases of interference with contract. See Follett, 65 Tex.
at 550; Meyers, 586 S.W.2d at 227; Magnolia Petroleum Co. v. DuBois, 81 S.W.2d 157, 159
(Tex. Civ. App.--Austin 1935, writ ref'd).

 The summary-judgment record includes deposition testimony given by the hearings
examiner who conducted the contested case in the Commission. His testimony is uncontroverted,
clear, positive, direct, credible, and free of contradictions and inconsistencies on the matter next
to be mentioned; it was subject to ready refutation. See Tex. R. Civ. P. 166a(c). His testimony
included facts and opinions that showed the following without contradiction: appellees violated
no statute or Commission rule in the course of the contested case; they had a valid basis for their
protests; they did not abuse any agency process; and the contested case consumed two years
because the Commission staff was burdened excessively by duties imposed by new legislation. 
The foregoing established as a matter of law that appellees acted with probable cause in their
opposition to Gunn's application. It is undisputed that appellees met the statutory criteria for
appearing in the agency proceeding. Therefore, as a matter of law, they had an equal interest in
the subject matter of the contested case based upon the statutes that authorized their appearance
in the contested case to oppose a new dealership on the factors of "the desirability of a competitive
marketplace," "harm to the protesting dealer, " and "the public interest." Code § 4.06(c)(3), (4),
(5). That appellees were unsuccessful does not justify an inference that they acted without
probable cause or without an equal interest in the subject matter. See Sakowitz, 669 S.W.2d at
107.

 In contrast, Gunn's affidavits in opposition to the motion for summary judgment
commented exclusively upon the affiant's subjective impressions of appellees' mental state and
did not address at all the material issues of whether appellees acted with probable cause or an
equal interest in the subject matter. See David Hittner & Lynne Liberato, Summary Judgments
in Texas, 20 St. Mary's L. Rev. 243, 261 (1989). The substance of the affidavits is captured in
the second affidavit filed by Curtis C. Gunn, Jr., which states as follows:



 I have observed conduct by each protestor which causes me to believe that the
only purpose for their filing protests with the Texas Motor Vehicle Commission
and appealing [sic] them to the district court in Travis County, Texas, was for
delay and without a bona fide belief that the protests were justified in law or fact. 
I was told by the individual protestors that, even if they lost before the
Commission, they could keep us out of business for two years. At the hearing
before the Commission, Roy Smith told me that the protestors were going to sue
to prevent the Commission from letting Gunn Chevrolet open. At one time, during
the preliminaries in 1986 or 1987, Tom Benson stated that he was going to
withdraw his protest. From what was stated by him, I formed the mental
impression and had the state of mind that he did not have much faith in the
substance of the protest that was filed. In 1986 or 1987, while attending a
Chevrolet meeting in Houston, Texas, . . . I saw Tom Benson, Roy Smith, Ewald
Koepp, Jr., and Jack Krueger together. I had never seen all of those dealers
together prior to that time, which was during the time that the plaintiff's
application for a new automobile dealership license was pending before the Texas
Motor Vehicle Commission. I suspected then, and still believe, that a civil
conspiracy existed to deny plaintiff the dealership license.


 The same procedures utilized by the defendants in this case have been utilized
thereafter to delay the starting of competing businesses. . . . It is my impression,
from observing the conduct of automobile dealers, that they continue to use, in
large part, § 4.06(c) of the Texas Motor Vehicle Commission Code as a pretext to
delay the starting of competing businesses.



(Emphasis added.) We overrule Gunn's first point of error. 

 Gunn's second point of error complains the trial court erred in rendering summary
judgment because Gunn had "pled viable causes of action." Gunn's third point of error complains
of error on the ground that "fact issues" precluded summary judgment. Gunn's brief discusses
points two and three with its first point of error. We have followed suit in our discussion above. 
We therefore overrule points of error two and three. Gunn's fourth point of error concerns the
issue of special damages in actions for malicious prosecution, a ground upon which appellees also
moved for summary judgment. We need not discuss that alternative ground for summary
judgment because it is sufficient that the judgment below was justified on the ground of privilege,
as discussed under point of error one.



CIVIL CONSPIRACY


 Gunn based its action for conspiracy on the same acts by appellees as alleged in
Gunn's actions for malicious prosecution and for interference with contract. Because the acts
themselves were not actionable, they cannot give rise to a cause of action for conspiracy. See
International Bankers Life Ins. Co. v. Holloway, 368 S.W.2d 567, 581 (Tex. 1963).



RESTATEMENT (SECOND) OF TORTS


 Gunn's fifth point of error complains summary judgment was improper because
appellees failed to establish a defense under section 680 of the Restatement (Second) of Torts
(1965). Section 680 states that a plaintiff may recover from a defendant who has taken an active
part in the initiation, continuation, or procurement of a civil administrative-board proceeding that
adversely affected the plaintiff's legally protected interest, provided: (1) the proceedings
terminate favorably to the plaintiff; (2) the plaintiff sustains special harm; and (3) the defendant
acted "without probable cause to believe that the charge or claim on which the proceedings are
based may be well-founded, and primarily for a purpose other than that of securing appropriate
action by the board." Restatement (Second) of Torts § 680. Because we have concluded that
appellees had probable cause to appear before the Commission and in the subsequent suit for
judicial review, we also conclude the probable-cause element of section 680 is not satisfied. We
therefore overrule Gunn's fifth point of error.

 Having found no error, we affirm the trial-court judgment.



 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 23, 1995

Do Not Publish

1.   For the purposes of this appeal, we refer to the Code as it was written in 1986 when Gunn
applied for a new dealership license.
2.   Malicious "prosecution" is somewhat of a misnomer for an action for wrongful civil
proceedings, however we will continue to use it for the sake of uniformity. See W. Page Keeton,
Dan B. Dobbs, Robert E. Keeton & David G. Owen, Prosser & Keeton On Torts § 120, at 892
(5th ed. 1984) (hereinafter "Prosser & Keeton").
3.   The contract in question was a "letter of intent" from General Motors to Gunn, promising
him a "Dealer Sales and Service Agreement" for Chevrolet automobiles if he was permitted to
establish a new dealership.
4.   The rules for reviewing a motion for summary judgment are well established: (1) The
movant for summary judgment has the burden of showing that no genuine issue of material fact
exists and that he is entitled to judgment as a matter of law; (2) in deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant
will be taken as true; and (3) every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985). 
5.   Early Texas case law provided that a litigant is absolutely privileged to bring suit, with or
without probable cause. See, e.g., Runge v. Franklin, 10 S.W. 721, 724 (Tex. 1889) ("We
believe it is and ought to be the law that proceedings in civil courts are absolutely privileged.");
Salado College v. Davis, 47 Tex. 131, 135 (1877) ("In ordinary cases, where no further wrongful
act is complained of than the institution of a groundless suit, though done knowingly and with
intent to harass, the award of costs is, in contemplation of law, full compensation for the unjust
vexation.") (citation omitted). The privilege applies equally to both agency adjudication
proceedings and court proceedings. Aransas Harbor Terminal Ry. v. Taber, 235 S.W. 841, 843
(Tex. 1921). 
6.   Sakowitz was overruled in part in Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex.
1989), on the basis that the issue of lack of justification or excuse is an affirmative defense rather
than an element of the plaintiff's cause of action--a distinction immaterial to the present appeal.